KELLY, MAUS & COMPANY, Appellants, v. J. H. ANDREWS, Defendant. MARY E. ANDREWS, Garnishee.

**Practice:** TRANSFER TO EQUITY. A pleading controverting garnishee's answer averred that by reason of taking a fraudulent conveyance to land, an excessive chattel mortgage and conduct in its foreclosure, all done to cheat creditors, garnishee was indebted to the garnishment plaintiff in the sum stated, for which judgment is prayed, does not warrant a transfer to the equity side.

*Appeal from Boone District Court.*—HON. N. B. HYATT. Judge.

SATURDAY, APRIL 6, 1895.

The issues in this case are upon the answers of the garnishee. Judgment for the garnishee, and the plaintiffs appealed.—*Reversed.*

*J. M. Goodson* and *J. F. Martin* for appellants.

*Jordon & Brockett* for appellees.

Granger, J.—The defendant and the garnishee are husband and wife. The defendant, J. H. Andrews, is a judgment debtor of the plaintiff firm. Mary E. Andrews was garnished on execution, and, having answered, issue was taken thereon. In the pleading taking such issue are three divisions, in the first of which there is a denial of the statements in her answer that she was not indebted to J. H. Andrews, and then an allegation "that said Mary E. Andrews is now indebted to the said J. H. Andrews in the sum of ten thousand dollars." The second division described certain real estate of which J. H. Andrews was the owner, and then avers that it was fraudulently conveyed to the garnishee to defraud the creditors of J. H. Andrews, because of which the garnishee is indebted to J. H. Andrews in the sum of five thousand dollars. The third division is a showing that, to secure an indebtedness owing by J. H. Andrews to the garnishee, a chattel mortgage was executed, pledging as security for the debt an amount of personal property largely in excess of the debt, for the purpose of hindering and delaying creditors; that there was a pretended foreclosure of the mortgage by an agent of the garnishee, and that the sale was so conducted as not to attempt to secure a fair price for the property, for the purpose of defrauding creditors, and the same was so sold; and plaintiffs ask judgment in the sum of one thousand one hundred dollars. On motion of the garnishee the

second and third divisions of the pleading were stricken out. The plaintiffs then, by way of "amending their denial of the answer of the garnishee herein, and further taking issue with the garnishee upon her answer," filed an amendment to its pleading, which amendment the garnishee now moved to strike, on several grounds, one of which was that it was substantially a repetition of the two divisions before stricken out, which motion the court sustained. The remaining issues were then tried to a jury, which returned a verdict for the garnishee. The court then sustained a motion for a new trial and in arrest of judgment. It then appears, by an additional abstract by appellee, which we take to be true, that on plaintiffs' motion the order striking their "plea of issue with the garnishee" was set aside, and the garnishee took issue thereon. The garnishee then moved to transfer the cause to the equity side for trial, and the court sustained the motion, against the objection of plaintiffs. The cause then proceeded to trial as an equity case. It is now urged by appellants that the court erred in transferring the cause to equity for trial. The theory upon which the transfer was made is that the amendments presented equitable issues. This is a mistake. There is not an equitable issue in the case. The averments are entirely of fraudulent acts, for which it is sought to make the garnishee liable in dollars and cents. It is true that when equity obtains jurisdiction it will sometimes grant relief in the way of a money judgment only, but the mere averment of fraudulent conduct as the basis of such a judgment does not present an equitable issue. In this case no relief of any kind was asked more than there would be in an action on a promissory note or for a mere trespass. To determine if a case is one for equitable consideration, we look to the relief sought. In *Price v. Insur-*

*ance Co.*, 80 Iowa, 408, referring to the section of the
Code (2517) providing for the transfer of causes, com-
menced by ordering proceedings for trial in equity, it
is said: "An issue is not equitable, within the mean-
ing of the section quoted, so long as the relief asked
or the defense interposed is not equitable." The
defense of the garnishee in this case is a denial.    There
is no decree asked, nor is the condition of the property,
said to be fraudulently transferred, sought in any way
to be changed, nor the title thereof to be affected. If on a
trial there is a judgment against the garnishee, it must
be based on a finding that she has fraudulently con-
verted her husband's property to her own use, so that
she is indebted therefor, and the judgment or order
would be for the payment of an amount, on which a
general execution may issue.    Code, section 3026.    The
case has none of the elements of an equitable proceed-
ing, and the plaintiffs were entitled to have the issues
tried to a jury.

The garnishee also appealed, but her appeal is
only from a finding of fact by the court which will be,
because of our conclusion on plaintiffs' appeal, set
aside, and hence there is nothing on her appeal to
consider.    The judgment is *reversed*.