JENNIE E. DARST, Appellant, v. FORT DODGE, DES MOINES & SOUTHERN RAILROAD COMPANY, Appellee.

**TRIAL:** Equity (?) or Law (?)  A quasi equitable prayer, following a strictly defensive answer at law to a petition at law, presents no justification for a transfer to equity, when an analysis of the pleadings demonstrates that such prayer may be just as effectually satisfied at law as in equity. (Sec. 3435, Code, 1897.)

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

SEPTEMBER 29, 1920.

THE opinion sufficiently states the nature of the case and the material facts. From judgment in favor of the defendant, plaintiff appeals.—*Reversed.*

*Healy & Faville* and *Frank Maher,* for appellant.

*Price & Burnquist* and *Dyer, Jordan & Dyer,* for appellee.

WEAVER, C. J.—The plaintiff instituted this action at law, January 14, 1919. Her petition alleges her ownership of a described farm of 240 acres, which she has improved and fitted for use for agricultural purposes. Along the south line of this farm there is, and for many years has been, a public highway, which affords its only means of egress and

ingress; and on the north side of this road and immediately adjacent thereto are the residence and buildings and other structures intended for the farm and family use. She further alleges that, in the year 1916, the defendant company, a corporation owning and operating a line of interurban railway from Fort Dodge, in Webster County, to Webster City, in Hamilton County, acting without legal right or authority, and without in any manner obtaining the abandonment of the highway, and without obtaining permission from the board of supervisors to construct said interurban railway upon the public highway, and without obtaining the consent of the residents owning property abutting thereon, and without causing the damages to such property to be ascertained and paid, as provided by law, wrongfully entered upon said highway at or near the southwestern corner of plaintiff's farm, took possession thereof along its full length, where it borders upon said farm, and proceeded to destroy said highway, making deep and extensive excavations, and erecting embankments therein. In this manner, plaintiff alleges, the highway so bordering upon and serving the use of her farm and house has been destroyed for the full length thereof, has opened up a deep, wide, and dangerous cut, immediately in front of her house and other buildings and improvements, removed the lateral support of her soil, and otherwise greatly and permanently injured her property, for all of which she asks damages in the sum of $10,000.

Answering the petition, the defendant admits plaintiff's ownership of the farm described, and that, prior to May, 1917, there was a public highway upon its south border, substantially as alleged. It also admits that it has located and constructed its railway upon said highway, and in so doing has done the cutting, excavation, and grading required for the proper performance of such work of improvement. It alleges, however, that, before the time when it entered upon said work, the plaintiff was represented by her husband and agent, J. N. Darst, who, with plaintiff's knowledge and consent, negotiated and treated with defendant concerning such occupation and appropriation of the highway, with the re-

sult that an agreement was made between them, by which the said husband, on his part, and for and in behalf of his wife, waived any and all claim for damages to their property by reason of the abandonment of the highway and the construction of the railway, in consideration of the following undertaking by the defendant company : In satisfaction of such claim or claims, defendant promised to pay the plaintiff and her husband the sum of $600 in money, and to bind itself to stop on signal at plaintiff's crossing all such of its passenger cars as might be scheduled to stop at other public highways between Brushy and Evanston, and to install and maintain steps down the embankment on both sides of its track at that point, and to construct and maintain open farm crossings at other designated points.

It is further alleged that, after said agreement was reached, defendant reduced the form thereof to writing, and prepared a check for $600, ready to deliver to J. N. Darst, when the writing should be executed. Defendant alleges, however, that, in reducing the agreement to written form, it omitted therefrom, by mistake, the paragraph making it the duty of the company to stop its cars on signal, and to install and maintain steps on the embankments at the crossing, and that, when the paper was presented to J. N. Darst for execution, he discovered and pointed out the omission, whereupon defendant, by its agent, immediately offered to rectify it; but Darst refused to proceed with the deal, and although defendant did correct the writing to conform with the agreement, Darst persisted, and has ever since persisted, in refusing to sign the agreement, or to accept the payment tendered, or in any other manner to carry out their oral contract.

Further, and by way of estoppel, defendant alleges that, upon the making of the oral agreement, and in reliance thereon, it proceeded to expend much time, labor, and money in the construction of its road on the highway so appropriated; that such labor has been performed and money expended with the full knowledge of both Darst and his wife, who have acquiesced therein, without protest or complaint.

It is further alleged that defendant has performed its agreement in all respects, and brings into court its said tender of $600, for the plaintiff's use and benefit. Paragraph 11 of the answer is in the following form:

"The defendant alleges that, by reason of the facts herebefore set out, the plaintiff is not entitled to maintain its action for damages, as alleged, or otherwise; on the contrary, the defendant is entitled to a judgment and decree of this court requiring the plaintiff to perform the contract herein set out, in all as set forth herein; that the defendant is ready and willing to perform each and every provision thereof promptly, if any of them have been overlooked or omitted; alleges, however, it has in good faith performed, on its part, each and every provision thereof."

The answer concludes with a prayer that the petition "be dismissed; that judgment and decree be entered, requiring plaintiff to perform specifically the contract into which she entered by oral agreement and subsequently reduced to writing, a copy of which is attached to and made part of the answer, and such other and further relief as is just and equitable."

The above mention of a contract "reduced to writing" has evident reference to the copy or form prepared by defendant, the execution of which, it is alleged, the plaintiff refused.

Following the filing of the foregoing answer, defendant moved to transfer the cause to the equity calendar for trial, for the reason that the issues tendered by the pleadings are properly triable in equity only. The motion was sustained, and the transfer ordered. To this ruling the plaintiff excepted, and has appealed therefrom.

The appeal presents the single question: Do the pleadings present an issue justifying the trial court in ordering the cause transferred to the equity calendar for trial?

That the cause of action stated in the petition is at law, and not in equity, is concededly not open to question. It states no claim and makes no demand which invokes an exercise of the equity jurisdiction of the court. It is a sim-

ple money demand, based upon an alleged wrongful inter-
ference with plaintiff's property and property rights.    To
sustain the order of which appellant complains, the appellee
cites and relies upon Code Section 3435, which provides
that:

"Where the action has been properly commenced by ordi-
nary proceedings, either party shall have the right, by mo-
tion, to have any issue heretofore exclusively cognizable in
equity tried in the manner hereinafter prescribed in cases of
equitable proceedings; and if all the issues were such,
though none were exclusively so, the defendant shall be en-
titled to have them all tried as in cases of equitable proceed-
ings."

This statute has often been the subject of consideration
and construction by this court during the last 50 years, and
it is possible that some degree of confusion has arisen in our
precedents, though we think there is no serious inconsist-
ency.    Among the more recent attempts at their review we
may mention *Lynch v. Schemmel,* 176 Iowa 499; *Dille v.
Longwell,* 169 Iowa 686; *Tinker v. Farmers State Bank,* 178
Iowa 972; *Eller v. Newell,* 159 Iowa 711; *Tufts v. Norris,*
115 Iowa 250.    The language of the statute is not particu-
larly obscure, but it is evident that the courts have found
some difficulty in giving it practical application to concrete
cases.

It is first to be observed that the authority to transfer re-
lates to "issues," and not, necessarily, to causes.    In other
words, if the petition be clearly at law, and the answer
pleads different defenses, some of which are legal and others
equitable, the authority to remove or transfer is limited to
the issues raised by the equitable defenses, leaving the others
to stand for trial in the law forum.    The right to demand
such transfer is further limited to cases where the equitable
issues raised are such as have been "heretofore exclusively
cognizable in equity."

In the case before us, there is no cross or counter peti-
tion.    The matters alleged are pleaded defensively, as an
answer to the plaintiff's claim, and, if true, they constitute

a good defense.  To the answer there is, however, as we have seen, a prayer for relief attached, and this, the appellee argues, constitutes the pleading of an equitable defense, within the meaning of the statute.  But the propriety of the manner of pleading need not now be questioned.  A brief analysis of the answer will, we think, demonstrate the inapplicability of the precedents relied upon in support of the ruling below.

As we have already pointed out, the petition confines itself to the simple allegation of damages sustained by plaintiff by the wrongful act of the defendant in interfering with her property and property rights by the destruction of the highway.  The answer admits the plaintiff's ownership of the farm described, admits that, in the construction of its railway, it has appropriated and occupied the highway for its own exclusive use, as a right of way, excavating cuts and making fills therein; though it claims to have provided for the public use another highway, south of the one so appropriated.  It denies, however, that such appropriation of the highway was wrongful, and pleads that the acts of which plaintiff complains were done under and by virtue of an agreement with her, by which she waived all claims for damages on said account, in consideration of the defendant's undertaking to pay her $600 in money, provide certain conveniences for crossing the railway track, and make the crossing at her residence a place where certain of defendant's cars would stop on signal.  It further alleges that it was in reliance on this agreement that the work of constructing the railroad in the highway was done; that said agreement has been fully performed on its part; and because thereof, plaintiff is not entitled to recover damages in any sum.  In other words, the plea made by the answer is, in substance, that the acts of which plaintiff complains, were done pursuant to her agreement and consent, and that whatever damages she sustained, have been settled, adjusted, and paid.  Reduced to still briefer phrase, the answer is a denial and a plea of payment, or tender of payment.  By no amount of ingenuity or refinement of reasoning can such an issue be

called "equitable," and much less be classed as one "heretofore exclusively cognizable in equity." Even if we treat the answer as, in effect, a cross or counter petition, seeking equitable relief by way of specific performance, we think the books will be searched in vain for any precedent where such relief has ever been granted or rule announced justifying such relief upon a showing like the one here made.

What is the agreement which defendant wishes to be specifically performed? Turning to the prayer in the pleading, we find the demand to be that "plaintiff be required to specifically perform the contract into which she entered by oral contract." To find out what was the alleged "oral contract," we go again to the answer, and find the allegation to be, as we have before stated, that plaintiff, by her agent, entered into negotiations with defendant upon the subject of her damages by reason of the appropriation of the road for defendant's right of way, and it was then and there "orally agreed" that she would "waive any claim for damage" by reason of such appropriation, upon payment to her of $600, and the performance of the other considerations already stated on defendant's part. This is, in substance, the agreement in its entirety. There is no allegation that a further written agreement was contemplated or promised. The very pleading asking for specific performance alleges that defendant has already performed on its part, and, according to its own version of the agreement, there is nothing left for the plaintiff to "perform," unless it be to accept the tender made her, and withdraw her claim for damages. No deed or conveyance of any kind is due from her, nor is any asked. How can a court of equity give to the defendant any aid or relief which it cannot find just as effectively in the court of law where "the action has been properly commenced by ordinary proceedings?" The plea which it makes, if sustained by the proof, is a perfect defense in any court of law or equity having jurisdiction of the parties and subject-matter.

If the views we have thus expressed are correct, they are decisive of this appeal, and there is no profit in pursuing the subject further. We have no quarrel with the statutes

or precedents cited by the appellee, but the record shown by the abstract does not present a case for their application. The action was "properly commenced by ordinary proceedings." The answer presents no "equitable issue heretofore exclusively cognizable in equity," and the order sustaining defendant's motion to transfer the cause to equity for trial was erroneously sustained. The order is reversed, and cause remanded to the trial court, with directions to overrule the motion, and for such further proceedings as may be had in harmony with this opinion.—*Reversed and remanded.*

EVANS, PRESTON, and SALINGER, JJ., concur.