DE LANCEY T. SMITH et al., Respondents, *v.* WINDER E. GOLDSBOROUGH, Appellant.

**Brokers — commissions — accounting — when brokers, employed to sell lands for the owners, for a certain percentage of the purchase price, engage another broker to assist them for a specific part of their commissions and the latter, under a separate agreement with the owners, receives additional compensation, he is not obliged to account for the same to his employers.**

1. When two claimants for the same service demand payment of a debtor, and one of them is paid to the exclusion of the other, the party so excluded derives no right from the circumstances to the money paid to his competitor. It is not money received to his use, for the payment thus made does not in any respect affect his right still to call on his debtor for payment to himself.

2. Plaintiffs were employed by a corporation and another who owned oil lands to sell such lands for a commission on the purchase price. They employed defendant to aid them and assigned to him

part of the agreed commission. Defendant thereafter procured a new agreement with the sellers of the oil lands whereby he was to have additional commission. This new agreement was between the sellers of the oil lands and the defendant solely. The plaintiffs were not informed of its existence. Thereafter plaintiffs signed and delivered a letter by which they authorized the defendant to collect directly from the sellers whatever might be due to him. The sellers paid to plaintiffs and their associates part of the cash received by them. They paid to defendant part of his commission and refused to pay more. He thereupon sued them for the unpaid balance of the commission (exclusive of that withheld for plaintiffs). The suit ended in a settlement whereby defendant received a certain sum in cash, a promissory note of the new corporation for a specified amount, and a certain number of shares of its common stock instead of the number he claimed. This suit is brought by plaintiffs to charge the defendant, as trustee for the plaintiffs' use, with a part of the money and shares of stock received by him, the proceeds of the settlement. Under the circumstances the plaintiffs cannot recover. The defendant acting in his own behalf made claim to a certain number of shares of stock. He took less in settlement and left the plaintiffs' rights untouched. His claim was built upon one contract; theirs upon another. A settlement of the claim under the contract which was his did not charge him with a duty to treat the proceeds in his hands as a settlement of the claim under the contract which was theirs.

*Smith* v. *Goldsborough*, 197 App. Div. 947, reversed.

(Argued June 8, 1923; decided July 13, 1923.)

APPEAL from a final judgment, entered August 21, 1922, bringing up for review an order of the Appellate Division of the Supreme Court in the first judicial department affirming an interlocutory judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term in an action for an accounting.

*Wallace T. Stock* and *Frederick T. Kelsey* for appellant. The findings do not establish, nor is there proof of, any cause of action entitling plaintiffs to an accounting, and for that reason the complaint should have been dismissed. (*Kosovits* v. *N. Y., etc., Society,* 130 N. Y. Supp. 72; *City of Buffalo* v. *D., L. & W, R. R. Co.,* 190 N. Y. 84;

*Triest* v. *City of New York,* 193 N. Y. 525; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Matter of Thompson,* 217 N. Y. 111; *Matter of Glatzl* v. *Stumpp,* 220 N. Y. 71; *Hartley* v. *Eagle Ins. Co.,* 222 N. Y. 178; *Alcock* v. *Davitt,* 179 N. Y. 9; *Chester* v. *B. C. Mfg. Co.,* 70 App. Div. 440; *Elterman* v. *Hyman,* 192 N. Y. 113.) The plaintiffs have not established a cause of action on any theory whatsoever, whether equitable or legal. (*Loeb* v. *Supreme Lodge,* 198 N. Y. 180; *Jackson* v. *Strong,* 222 N. Y. 149.)

*B. F. Norris* for respondents. The defendant was the agent of the plaintiffs in collecting the commission which was the proceeds of their joint efforts and as such is liable to account to them for their share. (*Brown* v. *Leach,* 189 App. Div. 158; *May* v. *Hettrick Co.,* 181 App. Div. 3; *Stein* v. *Warren,* 185 App. Div. 823.) The judgment properly directed delivery of the stock. (*Menier* v. *Donald,* 98 Misc. Rep. 684; *Wadde* v. *Cabana,* 220 N. Y. 18; Pers. Prop. Law, § 149.)

CARDOZO, J. In June, 1914, plaintiffs with one Jewell, to whose rights they have succeeded by assignment, were employed by Richmond Levering and by Richmond Levering & Co., Incorporated, to sell oil lands in Mexico. The commission was to be five per cent of the purchase price. Plaintiffs and Jewell enlisted the aid of the defendant, and assigned to him three-fourths of the agreed commission, retaining one-fourth only for themselves. During the summer of 1914 various projects of sale were initiated and abandoned. Toward the end of September, however, there was developed, as the result of the defendant's efforts, a plan of reorganization which gave promise of success. At this juncture the defendant began to treat with Levering for additional compensation. He procured a new agreement, which is set forth in a letter dated September 24, 1914. Under this agreement he was

to have ten per cent of any cash payment collected by the sellers, and shares in the reorganized company equal in amount to fifteen per cent of any shares that were sold. There was to be an additional stock bonus in certain contingencies. Out of the cash commission of ten per cent, one-eighth (the equivalent of one-fourth of five per cent) was to be withheld by the Leverings for plaintiffs and Jewell. This agreement was between the Leverings and the defendant solely. The plaintiffs and Jewell were not informed of its existence. Two days later, on September 26, 1914, they signed a letter by which they authorized the defendant to collect directly from the sellers whatever might be due to him, and absolved him from any obligation to collect the proportion due to them. " We hereby authorize Richmond Levering and Richmond Levering & Company to recognize your demand upon them for your commission, and hereby acknowledge that you have no obligation to us or we to you in the matter of the payment of the commission." This letter was lodged by the defendant with the Leverings, who thereupon acknowledged in writing a liability for the payment to plaintiffs and Jewell of a cash commission of one-fourth of five per cent, the acknowledgment being embodied in a letter which plaintiffs and Jewell indorsed " accepted and agreed to " with the addition of their signatures.

The project of sale and reorganization then proceeded to fulfillment. The Levering interests formed a new corporation, the Port Lebos Petroleum Company, Limited, receiving back the entire capital stock. Fifty-one per cent of the shares they then sold for $374,000 cash. The remaining forty-nine per cent they retained. Ten per cent of the cash received is $37,400. One-fourth of five per cent is $4,675. The sellers paid to plaintiffs and Jewell $1,160. They paid to the defendant $3,450, and then refused to pay more. The defendant thereupon sued them for the unpaid balance of cash commission (exclusive,

however, of the part withheld for the plaintiffs) and also for that part of the commission payable in stock, which amounted, it seems, to 31,870 shares. The suit ended in a settlement by which the defendant received $7,500 in cash, a promissory note of the Port Lebos Petroleum Company for $10,000, and 4,000 shares of its common stock instead of 31,870. In return, he released his own claim against Levering and Levering, Incorporated. No attempt was made to compromise or release any claims belonging to the plaintiffs or to others.

This suit is brought to charge the defendant, as trustee for the plaintiffs' use, with one-fourth of the money and shares of stock, the proceeds of the settlement. The courts below have held that neither a partnership nor a *quasi*-partnership existed between plaintiffs and defendant, and that the defendant did not violate any fiduciary duty in bargaining for an extra commission payable to himself. We accept that ruling without inquiry into its correctness, since it has been accepted by the plaintiffs, who have taken no appeal. In this view of the relation the defendant has been adjudged at liberty to retain for his own use anything in excess of one-fourth of five per cent of the purchase price, whether received in money or in shares. For collections within that limit, he has been held to be accountable, but for shares only, and not for money. So far as the plaintiffs make claim to a percentage of the money, they have been remitted to their remedy against the sellers, since a sum equal to one-fourth of five per cent of the cash price was withheld upon the settlement, and is subject to their order. So far as they make claim to a percentage of the shares, the view has prevailed that one-third of the promised fifteen per cent was collected, not as additional compensation, but as part of a commission due under the original agreement, and that for an amount equal to one-fourth of this third, *i. e.*, one-fourth of five per cent, the defendant must account. An interlocutory judgment to that effect has

been followed by a final judgment under which certificates for 393.71 shares of stock have been awarded to the plaintiffs.

For simplicity, we assume, though we are far from holding, that plaintiffs' commission of one-fourth of five per cent under their contract with Levering and Levering Incorporated, is to be computed, not only upon cash, but also upon shares of stock. What Levering and his company did was to incorporate themselves under a new name, and sell for cash a controlling interest in the shares of the reorganized or consolidated company. There is doubt, to say the least, whether the price is to be reckoned as including the shares retained as well as the proceeds of shares sold. If, however, we assume that there accrued in plaintiffs' favor upon the closing of the sale a cause of action for commissions to be computed upon shares as well as upon cash, the cause of action continues unaffected by any act of the defendant's. The plaintiffs had authorized him to collect from Levering and Levering, Incorporated, what he claimed in his own right, leaving them to collect in their right what they claimed for themselves. This is what he did, after lodging with his debtors the letter which empowered them to deal with him directly. He acted, in the settlement which followed, for no one but himself. He compromised a several right upon terms which he might have rejected as inadequate if the subject-matter of the compromise had embraced the rights of others. We find no basis for a ruling that what he accepted as several, he must now account for as joint. His debtors may have made a mistake in supposing when they settled with him that the commissions still owing to the plaintiffs would be computed only upon cash. Even so, they knew as much as the defendant about the contract and its meaning. " When two claimants for the same service " demand payment of a debtor, and one of them is paid to the exclusion of the other, " the party so excluded derives no right from the circumstances, to the money paid to

his competitor." "It is not money received to his use, for the payment thus made does not in any respect affect his right still to call on his debtor for payment to himself" (*Patrick* v. *Metcalf,* 37 N. Y. 332, 334; *Butterworth* v. *Gould,* 41 N. Y. 450; *Decker* v. *Saltzman,* 59 N. Y. 275; *Peckham* v. *Van Wagenen,* 83 N. Y. 40; *Reynolds* v. *Ætna Life Ins. Co.,* 6 App. Div. 254, 258; *T. N. Bank* v. *Rice,* 161 Fed. Rep. 822, 828.)

The case comes down to this: The defendant, acting in his own behalf, made claim to 30,000 shares of stock and more. He took 4,000 shares in settlement, and left the plaintiffs' rights untouched. His claim was built upon one contract. Theirs was built upon another. A settlement of the claim under the contract which was his did not charge him with a duty to treat the proceeds in his hands as a settlement of the claim under the contract which was theirs.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; HOGAN, J., not voting.

Judgment reversed, etc.