HERMAN F. MARKWORTH, Administrator, Appellant, v. STATE SAVINGS BANK OF WODEN et al., Appellees.

No. 40618.

JUNE 20, 1931.

Frank W. Senneff, for appellant.

Thomas & Loth, for appellees.

WAGNER, J.—The ultimate question for our determination is, whether the alleged cause of action is triable at law or in equity. Proceedings in civil actions may be of two kinds, ordinary or equitable, and under our Statutory Law all forms of action are abolished. Section 10940, Code, 1927. Section 10941, Code, 1927, provides:

"The plaintiff may prosecute his action by equitable proceedings in all cases where courts of equity, before the adoption of this code, had jurisdiction, *and must so proceed in all cases where such jurisdiction was exclusive."* (Writer's Italics.)

"An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket." Section 10944, Code, 1927.

Section 10946, Code, 1927, provides:

"The defendant may have the correction made by motion at or before the filing of his answer, where it appears by the provisions of this code wrong proceedings have been adopted."

Before the filing of the answer, the defendants filed a motion asking that the cause be transferred to the equity side of the calendar for trial. This motion was sustained, and exceptions to the ruling taken by the plaintiff; this presents the first question

956

for our determination. Was plaintiff's alleged cause of action, as stated by the averments of his petition, such that equity has exclusive jurisdiction? If the plaintiff's case is founded upon an equitable estate, title or interest, or, if the remedy sought is one that only a court of equity can administer, then equity has exclusive jurisdiction. See McAnulty v. Peisen, 208 Iowa 625. The determination of the question as to whether or not the court was correct in sustaining defendants' motion to transfer the cause to equity in the first instance must be determined from the averments of the petition, to which we now turn. It is alleged in the petition:

"That the plaintiff is the duly appointed, acting and qualified Administrator of the estate of Paul C. Markworth, who died on or about the 14th day of June, 1926, and the defendant, State Savings Bank of Woden, Iowa, is a Corporation engaged in the Banking business at Woden in Hancock County, Iowa, and the defendant H. O. Swingen is a resident of said County and Cashier of said bank.

"That plaintiff's decedent, Paul C. Markworth, at the time of his death, held a policy of insurance issued by the Prudential Life Insurance Company of America, in the principal sum of Two Thousand ($2,000.00) Dollars, which policy this plaintiff is informed and believes was issued by said Company upon the life of the said Paul C. Markworth in the month of October, 1922, payable upon the death of the said Paul C. Markworth to his estate.

"That the plaintiff is unable to set out copy thereof for the reason that he does not have the same and that said policy was at the time of the death of the said Paul C. Markworth, in the possession of the defendants.

"* * * That said policy of insurance contained stipulation therein providing that in the case of permanent disability or mental incapacity of the insured, Paul C. Markworth, which said policy was in force and effect, that the premium thereon would cease and the said Company would pay the insured, or his estate a certain stipulated sum each month for each $1000.00 of the amount of the insurance carried as shown by the face of the policy. This plaintiff is unable to state the amount thereof, or the exact stipulation contained in said policy for the reason here-

inbefore alleged, and states that he has no exact information as to the length of disability or mental incapacity of the deceased prior to his death, but alleges the fact to be such decedent was permanently and totally disabled prior to the date of his death, and that the said Prudential Life Insurance Company found and determined that he was so disabled, and that under and by virtue of the terms of this said policy of insurance there was due on said policy on account thereof, at the time of his death, the sum of Six Hundred Fifty-two and 53-100 ($652.53) Dollars and that at the time of the death of the said Paul C. Markworth there was due on said policy, the face thereof of $2,000.00 and the said sum of $652.53 on account of the disability provisions thereof.

"That some time, subsequent to the issuance of said policy of insurance to Plaintiff's decedent, that said Paul C. Markworth, to secure moneys owing by him to the State Savings Bank of Woden, Iowa, executed to said defendants, either or both of them, an assignment of said policy for collateral security only for the amount of the money legally owing by him to the defendant, State Savings Bank of Woden. This plaintiff is unable to set forth a copy of said assignment or to give the date thereof for the reason that said information and assignment is in the possession of the defendants themselves. The plaintiff is unable to state the exact indebtedness owing by the deceased at the time said policy was assigned as herein alleged, but avers upon information and belief, that at the time of the death of the said Paul C. Markworth, the defendants were fully paid. * * *

"Plaintiff further states, upon information and belief that the defendants, after the death of plaintiff's decedent, made claim to the insurance company, that they, either or both of them, were entitled to receive the proceeds of said policy by virtue of said assignment thereof, and did procure said Company to pay over to them, either or both of them, the sum of Two Thousand Two Hundred Ninety Two and 53-100 ($2292.53) Dollars which was paid to said defendants on or about the 20th day of February, 1929.

"That at said time, the defendants represented to said Insurance Company, that the deceased was indebted to the State Savings Bank of Woden, Iowa, in the sum of $2292.53, and that pursuant to such representations the said Insurance Company

paid over to said defendants, either or both of them, the sum of $2292.53.

"That the statements made by the defendants were false and Fraudulent and were known to be false when made, and that said statements and representations were made for the purpose of inducing said Insurance Company to pay over to the Defendants, the money owing by said Insurance Company on account of the death of the said Paul C. Markworth by the Terms of its policy of Insurance, and for the purpose of defrauding this plaintiff and the estate of the said Paul C. Markworth.

"That said Insurance Company did rely upon such false and fraudulent statements, and relying thereon did pay over said money hereinbefore alleged, to the defendants, all to the great damage to this plaintiff and to the estate of Paul C. Markworth, deceased, and all persons interested therein. * * *

"That the moneys paid over by said Insurance Company to the defendants were wrongfully had and received by the Defendants, and were moneys belonging to the estate of Paul C. Markworth. * * *

"That said moneys were and are the property of the estate of Paul C. Markworth and this plaintiff as Administrator thereof, and that they were wrongfully obtained by the defendants and said defendants wrongfully withhold the payment thereof from the plaintiff as Administrator, to the damage of the estate of Paul C. Markworth. * * *

"That demand has been made therefor, but that said defendants have refused to pay over said moneys to this plaintiff.

"*That said moneys are the property of this plaintiff as administrator aforesaid, and the defendants hold the same in trust for the plaintiff as administrator of said estate, and for the use and benefit of the estate of Paul C. Markworth, deceased, and all persons interested therein.* (Writer's Italics.)

"Wherefore the plaintiff demands judgment against the defendants and each of them in the sum of $2292.53 with interest at 6 per cent per annum from the 20th day of February, 1929, and costs of this action."

It will be noted, that it is alleged in the petition that there was due on the policy the sum of $2652.53, but that the Insurance Company paid the defendants only the sum of $2292.53.

The plaintiff does not seek to recover the value of the policy from the insurance company, but the amount of certain moneys— a fund—which has been received by the defendants from the insurance company, and which money or fund it is alleged is the property of the plaintiff, and that the defendants hold same in trust for the plaintiff. It is apparent that upon the death of the deceased, the legal title to the money due upon the policy remained in the insurance company until paid to the defendants, when such legal title passed to the defendants. The plaintiff never had any legal title to the money or fund for which suit is brought, said legal title being at all times either in the insurance company or in the defendants to whom the insurance company voluntarily paid it. Thus, under the facts alleged in the petition, the defendants were the holders of the legal title to this money or fund, but upon a constructive trust for the plaintiff. A constructive trust arises when the legal title to money or property is obtained by a person in violation, express or implied, of some duty owing to him who is equitably entitled thereto. Such a trust is imposed by equity and contrary to the trustee's intention and will. Such a trust is *in invitum ex maleficio* or *ex delicto* and is predicated on fraud, either actual or constructive. While plaintiff had a cause of action at law against the insurance company, it does not follow that he has a cause of action at law against the defendants who hold the legal title to the money or fund. The only ownership, if any, which the plaintiff has in said moneys or fund in the possession of defendants is equitable, not legal.

The allegations in the petition "that said moneys were and are the property of the estate of Paul C. Markworth," "were moneys belonging to the estate of Paul C. Markworth" are mere conclusions. See McAnulty v. Peisen, 208 Iowa 625; Frink v. Commercial Bank of Emmetsburg, 195 Iowa 1011. In Frink v. Commercial Bank of Emmetsburg, 195 Iowa 1011, we said:

"The broad allegation of the petition is that this defendant, Commercial Bank, had the possession of plaintiff's money. As we shall presently see, this allegation was a mere conclusion. It had no support by any facts pleaded or proved, except so far as the conclusion was predicated upon equitable ground and upon the right to equitable relief."

In McAnulty v. Peisen, 208 Iowa 625, we said:

"The allegation is that, upon the death of H. A. Lyon, 'the title to one half of said property at once became vested in these plaintiffs, pursuant to the terms of said contract and agreement.' This is a mere conclusion on the part of the pleader. The only 'title' that could become vested in the plaintiffs would be the equitable title."

Likewise, in the instant case, since the legal title to the fund or money was at all times in the insurance company or the defendants, the only title thereto which the plaintiff could assert was an equitable title. It is apparent that plaintiff's right to recover as against the defendants must be because of a constructive trust arising as against the defendants and in favor of the plaintiff.

"*The administration and enforcement of trusts are exclusively within the jurisdiction of equity.*" (Writer's Italics.)

See McAnulty v. Peisen, 208 Iowa, 625; also Frink v. Commercial Bank of Emmetsburg, 195 Iowa 1011; 21 C. J. 116. Since plaintiff's title to the money or fund is equitable rather than legal, his suit to recover the same must be brought in equity. See Union Stock Yards National Bank v. Gillespie, (U. S.) 34 L. Ed. 724.

Plaintiff's action cannot be construed as one for damages for fraud. It is true, that fraud is alleged, but only fraud which induced the insurance company to pay the money to the defendants. While this fraud may be such as to create a constructive trust against the defendants in favor of the plaintiff, it is not such fraud as entitled the plaintiff to pursue an action at law against the defendants for damages. Such action can only be brought by the one to whom the fraudulent representations were made. See McCane v. Wokoun, 189 Iowa 1010. In the cited case, we quoted approvingly from 2 Cooley on Torts (3d. Ed.) 940, the following:

"No one has a right to accept and rely upon the representations of others but those to influence whose action they were made. * * * When statements are made for the express purpose of influencing the action of another, it is to be assumed they are

made deliberately, and after due inquiry, and it is no hardship to hold the party making them to their truth. But he is morally accountable to no person whomsoever but the very person he seeks to influence. * * *''

It is the plaintiff's claim that his action is at law for moneys had and received, but it is quite clear that his action is planted on a constructive trust. The administration and enforcement of trusts are exclusively within the jurisdiction of equity. See McAnulty v. Peisen, 208 Iowa 625. The nature of the action must be determined from the matters alleged in the petition, and it is quite apparent that it declares upon a constructive trust. It is not claimed by the plaintiff that the defendants had any authority from him to receive the money from the insurance company. There was no privity as between the plaintiff and the defendants. The defendants did not receive the money for the plaintiff but in their own right. It is well settled that, where there are two claimants for the same money and one of them is recognized as being entitled to it by the person from whom it is due, and is paid, the other cannot maintain an action at law for moneys had and received to recover the money, for the reason that, having received the money under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other claimant or to pay it over to him, and, therefore, there is not under the circumstances, any privity of contract upon which to found the action. See 41 C. J. 41; Shultz v. Boyd, (Ind.) 52 N. E. 750; Smith v. Goldsborough, (N. Y.) 140 N. E. 718; Sergeant v. Stryker, (N. J.) 32 Am. Dec. 404; Green v. Wilbraham, 190 Fed. 274, 275. In Shultz v. Boyd, (Ind.) 52 N. E. 750, the plaintiff, as beneficiary of a life insurance company, brought suit against one who had wrongfully induced the insurance company to pay the money due on the policy to him. The court held that there was no cause of action at law, saying:

''Appellant (the beneficiary) asserts that she alone had the right to collect the insurance money. From that right would flow the correlative duty of the company to pay her. To pay what? Not to pay specific money that had been identified, set apart, and held by the company as custodian, but to pay from the assets generally the amount due appellant, as owner of the

chose in action. * * * Appellant's right has been infringed no more by the company's payment to appellees than it would have been by payment of the same amount to appellees or any one else upon another claim. * * * They (appellees) did not assume to act as her agents. They did not covenant with the company to take the money for her use. But they did assert a claim of right on their own account.''

Likewise, in the instant case, it was the insurance company, if any one, who owed plaintiff upon the death of the insured. If the insurance company wrongfully paid the defendants, it is still indebted to the plaintiff for the amount due upon the policy. The fraud of defendants, alleged to have been perpetrated against the insurance company, is no wrong for which the plaintiff can bring suit at law against the defendants. In Sergeant v. Stryker, (N. J.) 32 Am. Dec. 404, Stryker became entitled to payment of money as a reward offered by a sheriff, but found that by misrepresenting the facts, others had prevailed upon the sheriff to pay them. Stryker brought suit at law for moneys had and received against the defendants who had received the money from the sheriff, but it was held that he had no cause of action for moneys had and received. The court declared:

''Stryker's right to recover in this suit, if he has any such right, is not because the sheriff paid the money voluntarily to the defendants, nor because they had no right to it in fact; but because they in fact, or by implication of law, received it for Stryker. That the sheriff did not pay the money to them, for Stryker, he expressly testifies; nor did they profess so to receive it; but on the contrary, claimed it as their own. If then the law can raise any implication that the defendants received the money to and for the use of Stryker, it must be on the ground that they practiced a fraud on the sheriff. But I can not well perceive how a fraud on one man, can inure to the benefit of another; or how a fraud practiced on the sheriff, can raise a promise to pay money to the plaintiff.''

In Frink v. Commercial Bank of Emmetsburg, 195 Iowa 1011, we declared:

''So in case of a resulting or constructive trust, the *cestui que trust's* remedy for a breach of the trust is in equity, *and he*

*cannot maintain an action at law against the trustee for money had and received.* \* \* \*'' (Writer's Italics.)

It is obvious from the foregoing authorities and the allegations of the petition, that plaintiff's cause of action is founded upon an equitable claim against the money or fund, in the possession of the defendants, and that his cause of action is based upon a constructive trust.

█ The plaintiff lays stress upon the fact that he prays for a money judgment, but the prayer alone is not determinative of the question. The cause of action must be determined by the allegations of fact alleged in the petition and not merely by the relief asked. The fact that the relief administered may be a money judgment does not necessarily make the cause of action one at law instead of in equity. See McAnulty v. Peisen, 208 Iowa 625. In the cited case, we declared:

''The cause of action must be determined by the allegations of fact, and not merely by the relief claimed. Even in equity, a money judgment may be claimed. The claim for a money judgment does not determine that the cause of action pleaded is at law. The relief asked is the relief to which the plaintiffs, from the tenor of their entire petition, show themselves entitled, and the nature of the relief must be determined from all of their allegations, and not merely from their prayer for a money judgment. \* \* \* It is the allegations of the cause of action, and not the prayer alone, that determine the forum.''

The plaintiff relies upon Boyce v. Allen, 105 Iowa 249; Lynch v. Schemmel, 176 Iowa 499; Watson v. Bartholomew, 106 Iowa 576; Hanan v. Messenger, 168 Iowa 507; Price v. Aetna Ins. Co., 80 Iowa 408; Kelly, Maus & Co. v. Andrews, 94 Iowa 484; Newman v. Covenant Mut. Ben. Assn., 72 Iowa 242; Darst v. Fort Dodge, D. M. & S. R. Co., 189 Iowa 632. In McAnulty v. Peisen, 208 Iowa 625, we said of these cases:

''These are cases in which the relief sought or defense claimed is or may be had at law, or where the issue tendered is at law, *and are not cases in which the right sought to be protected and enforced is purely equitable,* or where the remedy sought is within the exclusive jurisdiction of equity.'' (Writer's Italics.)

It is quite obvious that in the instant case, the right or title, if any, of the plaintiff to the money or the fund is purely equitable, and that the claim or demand of the plaintiff as against the defendants is based upon a constructive trust. Therefore, the court was right in sustaining the motion of defendants in transferring the cause to the equity side of the calendar.

After the court's ruling upon the aforesaid motion, the plaintiff filed an amendment withdrawing the italicized portion of the petition hereinbefore quoted. He then filed a motion to transfer the cause to the law side of the calendar. The defendants filed a motion to strike plaintiff's motion upon the grounds that all matters contained in the present motion were necessarily · included and determined in the ruling transferring the cause to the equity docket, and that plaintiff's motion is an attempt to have a rehearing upon matters already determined herein. Thereafter, and before the decision of the court, the plaintiff filed a second amendment to the petition, in which he states that he disclaims any equitable relief. The court sustained defendants' motion to strike, the effect of which ruling was to overrule plaintiff's motion to transfer the cause to the law side of the calendar.

■ We have held that a motion to strike from the files another motion is not proper practice. See German Savings Bank v. Cady, 114 Iowa 228. If the court had overruled defendants' motion to strike this would not necessarily have passed upon the merits of appellant's motion. See German Savings Bank v. Cady, 114 Iowa 228. In that event, plaintiff's motion would still be for consideration by the court. No complaint is made by the appellant of the procedure adopted by the appellee in filing motion to strike his motion. In his ruling, the court said:

"* * * that the pivotal allegations of plaintiff's petition are predicated upon equitable grounds, and upon the right to equitable relief, regardless of whether such relief is prayed for.

"That it appears to the undersigned judge that a trust is declared in the pleadings as to the funds in question, and that thereon is predicated an ownership on the part of the plaintiff, and that such matters must be worked out by and through equity and by equitable relief.

"That it appears to the undersigned judge that the remedy

sought is an equitable one, that of impressing a constructive trust in plaintiff's favor upon the funds in question.

"It is therefore ordered and adjudged that the defendant's motion to strike the motion of plaintiff to transfer said cause from the equity side to the law side of the calendar, be, and the same is, hereby, sustained."

It is obvious from the foregoing, that the court considered the merits of the plaintiff's motion to retransfer the cause to the law side of the calendar, and that the ruling is in effect an overruling of said motion. The appellant, in his brief and argument, so considers it. The mere withdrawal of the one paragraph of the former petition, which paragraph is in the nature of a conclusion, does not change plaintiff's cause of action from equity to law. We have hereinbefore observed that plaintiff's title, if any, to the money or the fund is purely equitable. We have also observed that plaintiff's cause of action is not, and could not, be one at law for damages for fraud practiced, not upon the plaintiff, but upon the insurance company which conveyed the legal title to the money or fund to the defendants. We have also observed that the defendants received the money in their own right and not for the plaintiff; that there is no privity between the defendants and the plaintiff, and therefore, no implied contract or promise upon the part of the defendants to pay the plaintiff, and, that, while the plaintiff asserts that his cause of action is at law, for money had and received, he could not maintain such action at law, as claimed by him. We have hereinbefore observed, that the administration and enforcement of trusts are exclusively within the jurisdiction of equity. See McAnulty v. Peisen, 208 Iowa 625. The mere disclaimer of equitable relief made in the second amendment to the petition, when such is the only relief, if any, to which the plaintiff is entitled under the basic and fundamental allegations of his petition, cannot change his cause of action from equity to law. It follows that the ruling of the court, the effect of which was to overrule plaintiff's motion to retransfer to law, is correct; and the action, by the court, relative to the two rulings involved in this appeal is hereby affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, DE GRAFF, ALBERT, KINDIG, and GRIMM, JJ., concur.

966

MORLING and STEVENS, JJ., dissent.

MORLING, J. (dissenting)—The petition alleges the death of decedent, appointment and qualification of plaintiff as administrator, corporate character of defendant bank and official position of the individual defendant as cashier of the bank; that the decedent at the time of his death held a described policy of life insurance upon which there was due at the time of decedent's death $2652.53; that decedent had assigned the policy to defendants, either or both of them, as collateral security for an indebtedness to defendant bank; that at the time of decedent's death the defendants were fully paid and neither had any further claim on the policy or right to receive the proceeds; that defendants knowingly made false representations to the insurance company for the purpose of inducing the company to pay to defendants the amount owing on the policy and of defrauding decedent's estate; that the insurance company relied thereon and paid over to defendants the amount due on the policy "all to the great damage of this plaintiff and to the estate of Paul C. Markworth, deceased, and all persons interested therein"; that the moneys paid over by said insurance company to the defendants were wrongfully had and received by the defendants, and were moneys belonging to the estate of Paul C. Markworth and this plaintiff as administrator thereof.

"That when said defendants received said money, the defendants received the same well knowing that the said Paul C. Markworth nor his estate were indebted to the defendants in any amount whatsoever, and received such moneys with full knowledge that the same should be paid to the estate of Paul C. Markworth or the persons interested therein.

"That said moneys were and are the property of the estate of Paul C. Markworth and this plaintiff as administrator thereof, and that they were wrongfully obtained by the defendant and said defendants wrongfully withhold the payment thereof from the plaintiff as administrator, to the damage of the estate of Paul C. Markworth, in the sum of $2292.53 and this plaintiff as administrator thereof.

"That demand has been made therefor, but that said defendants have refused to pay over said moneys to this plaintiff.

"*That said moneys are the property of this plaintiff as ad-*

*ministrator aforesaid, and the defendants hold the same in trust for the plaintiff as administrator of said estate, and for the use and benefit of the estate of Paul C. Markworth, deceased, and all persons interested therein.*"

The prayer is for "judgment against the defendants and each of them in the sum of $2292.53 with interest * * * and costs * * *." Equitable relief is not asked.

Defendants moved to transfer to equity "for the reason that the cause of action stated in the amended and substituted petition is of equitable cognizance and states the creation and existence of a constructive trust, whereby the defendants are alleged to hold certain money in trust for the plaintiff, and seeks to enforce such trust, and that such issues can only be tried and determined in a court of equity."

The motion was sustained. Thereafter the plaintiff amended by striking out the portion of the petition above italicized, moved to transfer from the equity to the law side of the calendar on the ground, among others, "that the action is based entirely upon fraud and deceit and moneys had and received and no equitable principles are involved therein" and to require trial in equity would be a denial of plaintiff's inherent right to a jury trial. Defendants moved to strike plaintiff's motion to transfer. Pending these motions plaintiff filed another amendment by which he disclaims any equitable relief "and states that the moneys received by said defendants as alleged * * * has * * * been appropriated to the use of said defendants either or both of them, and that the same can not be traced by the plaintiff and that by reason thereof the plaintiff * * * as administrator * * * has been damaged * * * in the sum of $2292.53." The court sustained the defendants' motion to strike plaintiff's motion.

Section 10941, Code, 1927, provides:

"The plaintiff may prosecute his action by equitable proceedings in all cases where courts of equity, before the adoption of this code, had jurisdiction, and must so proceed in all cases where such jurisdiction was exclusive."

Section 10942 provides for action on note and for foreclosure of mortgage by equitable proceedings.

Section 10943. "In all other cases, unless otherwise pro-

vided, the plaintiff must prosecute his action by ordinary proceedings."

Section 10944. "An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket."

Section 10945 provides: "Such error may be corrected by the plaintiff without motion at any time before the defendant has answered, or afterwards on motion in court."

By Section 10946, "The defendant may have the correction made by motion at or before the filing of his answer, where it appears by the provisions of this code wrong proceedings have been adopted."

It will be seen that the plaintiff may prosecute his action by equitable proceedings in all cases where before the adoption of the code courts of equity had concurrent jurisdiction and "must so proceed in all cases where such jurisdiction was exclusive."

Defendants have the right to compel plaintiff to prosecute by equitable proceedings only where jurisdiction in equity prior to the adoption of the code was exclusive. Plaintiff, therefore, had the right to maintain his action at law unless the case presented by his petition was one of which equity had exclusive jurisdiction.

The petition sets out, in substance, a pledge by decedent of the policy of insurance to defendants, the payment of the debt for which the pledge was made, the consequent discharge of the pledge, the collection and receipt by defendants of the proceeds of the policy and demand for judgment for the amount of such proceeds. The allegations of the petition show a conversion of the pledged property. 49 C. J. 972. Plaintiff might waive the tort and sue in contract. 1 C. J. 1036. Plaintiff's demand was for the amount alleged to have been collected and not the value of the policy. Thereby plaintiff elected to affirm the payment of the policy to the defendants and the collection by them. Sackett v. Bank, 209 Iowa 487. He was entitled to recover the proceeds in an action for money had and received. 49 C. J. 973. We need not discuss the question whether or not equity had concurrent jurisdiction by suit for accounting. Jurisdiction at law to recover either for conversion or for money had and received or

on the contract of pledge is well established. 49 C. J. 950, 957, 973; 21 C. J. 55, et seq.; 41 C. J. 28, et seq. If the courts of common law had concurrent jurisdiction the plaintiff had the election to proceed at law. Defendants had no right to compel him to proceed in equity. McAnulty v. Peisen, 208 Iowa 625. Though plaintiff inserted in his petition allegations such as that the moneys paid by the company were moneys belonging to the estate and wrongfully obtained and were held in trust, he had brought his action at law as he had the right to do and such allegations were merely surplusage. The mere fact that he made these unnecessary allegations did not operate to set up a cause of action jurisdiction of which in courts of equity prior to the adoption of the code was exclusive. The case was at most one of concurrent jurisdiction. The court erred in transferring the cause to equity. McAnulty v. Peisen, 208 Iowa 625; Lynch v. Schemmel, 176 Iowa 499; Darst v. Fort Dodge, D. M. & S. R. Co., 189 Iowa 632, 633.

Plaintiff filed his first amendment, above referred to, and motion to transfer the day before defendants filed their answer. But whether before or after it was plaintiff's right to have the correction made. By the answer defendants admitted the assignment of the policy, the receipt of the proceeds, allege that at the time of the assignment decedent was largely indebted to defendant bank and continued indebted to it until his death ''when he owed not only the amounts due at the time of the assignment but for other subsequent advances. Deny that the indebtedness was fully paid.'' The prayer is that the title of the bank to the fund be confirmed and for decree that the assignment was in full force at the time of the death of the insured as a lien upon the policy and its proceeds superior to the rights of the plaintiff and for costs. No accounting or general equitable relief is asked for. The answer does not set up any equitable issues which should have been retained on the equity side of the docket. Lynch v. Schemmel, 176 Iowa 499; Darst v. Fort Dodge, D. M. & S. R. Co., 189 Iowa 632, 633.

By sustaining defendants' motion to strike, though the motion was not proper practice (German Savings Bank v. Cady, 114 Iowa 228), the court in effect overruled plaintiff's motion to

transfer, which, I think, was an error, and therefore should be reversed.

STEVENS, J., concurs in this dissent.