GERMAN SAVINGS BANK v. H. A. CADY et al., Appellant.

**Practice:** MOTION TO STRIKE MOTION: *Adjudication by.* A motion
to strike from the files another motion is not proper practice,
and therefore the overruling of it does not necessarily pass on
the question whether the first motion was a proper one or was
filed in time.

**Filing Motions:** COMPUTING TIME: *Decoration Day.* In computing
the three days after verdict, within which Code, section 3756,
requires a motion for new trial to be filed, Decoration Day be-
ing among them, though the clerk's office is not open on that
day, will be included, there being no provision that judicial
business shall not be transacted that day or that it shall not be
included.

**Ruling on Motion for New Trial:** REVIEW. The overruling of a mo-
tion for new trial, without a statement of the ground thereof,
will be sustained, it appearing the motion was not filed in time.

TIME. For appeal runs from entry of judgment as to the judgment,
and not from ruling on motion for new trial.

*Appeal from Polk District Court.*—HON. S. F. PROUTY,
Judge.

FRIDAY, MAY 24, 1901.

THIS is an action on a promissory note against C. H.
White and H. A. Cady. Defendant White made default.
Defendant Cady denied the execution of note. Verdict for
plaintiff. Defendant Cady appeals.—*Affirmed.*

*Dale & Allen* for appellant.

*W. G. Harvison* for appellee.

McCLAIN, J.—The record shows the rendition of judg-
ment for plaintiff on May 27, 1899, after the return of a
verdict on that day. On May 31, 1899, appellant filed her
motion for a new trial, and on the following day ap-
pellee filed its motion to strike appellant's motion
for a new trial, on the ground that it was not filed

within three days after the verdict, as required by Code, section 3756. On June 8, 1899, appellant filed her resistance to the motion to strike, supported by affidavits showing that the verdict was returned on the twenty-seventh day of May, which was Saturday; that appellant's attorney was engaged in court during the balance of that day and on the Monday following, and that the clerk's office was not open on Tuesday, May 30th, that being Decoration Day; and that appellant was on that account unable to file her motion for a new trial within the time required by statute. It also appears that the court took a recess from Monday, the 29th, to Wednesday, the 31st. On September 25, 1899, the court, after hearing arguments, overruled appellee's motion to strike appellant's motion for a new trial, and also overruled appellant's motion for a new trial, and in addition to the entry of these rulings made a ruling as to taxation of certain specified costs. On the fourth day of December, 1899, appellant perfected her appeal. These facts have been picked piecemeal out of half a dozen different abstracts, additional abstracts, and amendments to abstracts. It ought not to be necessary for counsel to present cases to this court on so confused and intricate a record. If the court is mistaken in any respect in the facts shown by the record, the mistake is due to the confusion in the record itself.

I. The appeal was not perfected within six months after the rendition of judgment, and therefore errors on the trial cannot be considered, unless involved in the ruling on the motion for a new trial, which will be discussed in the next paragraph. Appellant contends in argument that the clerk, without authority, entered judgment on the twenty-seventh of May, and that no final judgment was rendered by the court until the ruling was made on the motion for a new trial. But, if the final judgment was not entered on the twenty-seventh of May, no judgment has ever been rendered, and there is nothing from which appellant can appeal; for the entry of the ruling on the mo-

tion for a new trial did not involve or include any entry of final judgment.

II.   Appellee moved to strike from the files appellant's motion for a new trial on the ground that the latter motion was not filed in time, and the court overruled this motion to strike.   Appellant now insists that this ruling is an adjudication of the lower court, from which appellee has not appealed, to the effect that a motion for a new trial was filed in due time.   We cannot agree with this view. A motion to strike from the files another motion is wholly unnecessary, and not recognized by our practice.   If the motion objected to is not a proper one, or is not filed within the time required by the statute, then the objection arises and may be considered in ruling on the motion itself.   There is no occasion for the filing of another motion in order to raise the objection.   The court, therefore, properly overruled the motion to strike, and in doing so did not necessarily pass on the question as to whether the motion for a new trial was filed within the proper time.  The ground on which the lower court overruled appellant's motion for a new trial does not appear.  It may have been overruled because the court considered that the grounds for a new trial urged therein were not good, or it may have been overruled because not filed within proper time.   If the action of the court might have been based on the conclusion that the motion was not filed in due time, and that conclusion is supported by the record, then we may presume that the ruling was on this ground, and no question need be considered as to whether the motion for a new trial should have been properly overruled on the grounds recited in the motion.

The motion for a new trial was not filed within three days after the verdict.   In computing the three days within which the motion is to be filed, Sunday is not to be excluded, nor days on which the court is not in session by reason of a recess.   *Robinson v. Foster,* 12 Iowa, 186; *Conklin v. City of Marshalltown,* 66 Iowa, 122;

*Ewaldt v. Farlow*, 62 Iowa, 212. Decoration Day is declared to be a holiday "for all purposes relating to the presentation for payment or acceptance, and the protesting and giving notice of dishonor of bills of exchange, drafts, bank checks, orders, and promissory notes, and any bank or mercantile paper falling due on any of the days above named shall be considered as falling due on the succeeding business day." Code, section 3053. And it is also provided that no person shall "be held to answer or appear in any court" on that day (Code, section 3541); nor can a party be required to take depositions on notice on that day (Code, section 4688). But there is no provision anywhere that judicial business may not be transacted on that day, nor that the day shall not be included in estimating the time within which a motion for a new trial must be filed. It is expressly specified that courts shall not be open, nor any judicial business transacted, on Sunday (Code, section 285); and certainly, if Sunday is not to be excluded in computing the time within which an act is to be done when the number of days is specified, then Decoration Day is not to be excluded from the same kind of a computation.

As to the contention that the motion could not be filed on the thirtieth day of May, and therefore was in time when filed on the following day, it is to be said, in the first place that this is not a case where an act is to be done on a certain day, but it is a case where an act is required to be done within a specified number of days. Where the last day of a period of time within which an act is required to be done falls on Sunday, "the time prescribed shall be extended so as to include the whole of the following Monday" (Code, section 48, subdivision 23); but there is no such provision as to Decoration Day or any other holiday. The fact that the clerk's office was not open on Decoration Day, which was a day on which legal business could properly be transacted, is not a matter which the court can properly take into account in determining whether a motion for a new trial was

filed in time. By Code, section 3756, the court is authorized for good cause to extend the time for filing a motion for a new trial. Whether it might, on proper excuse shown, hold that a motion not filed within three days was nevertheless filed in time, or might direct the motion recorded as of the proper date by an order *nunc pro tunc,* where, by reason of the fault of some officer of the court, the party has been unable to file his motion in due time, we do not decide. But, certainly, these matters are within the court's discretion, and, where the time has not been in any way extended, we would not reverse the court's action in overruling the motion because not filed within the time specified by the statute. Our conclusion is that the court was justified in overruling the motion for a new trial on the ground that it was not filed within the time required by statute, and the action of the court must be presumed to have been on that, rather than on any other ground which might have been insufficient to support such ruling. Therefore it does not appear that there was any error in the overruling of appellant's motion for a new trial which can be made the ground of a reversal, and, without considering whether on the merits the motion should have been sustained, the action of the lower court must be AFFIRMED.