THE CINCINNATI TRACTION CO. *v.* KRAUSS, A MINOR.

(Decided December 12, 1927.)

*Mr. James G. Stewart,* for plaintiff in error.

*Messrs. Bettman, Riesenberg, Cohen & Steltenpohl,* for defendant in error.

HAMILTON, P. J.   The matter before the court is a motion by defendant in error to strike the bill of exceptions from the files, on the ground that it was not filed in the trial court within the time prescribed by law.

Section 11564, General Code, provides, among other things, that:

"The party excepting must reduce his exceptions to writing, and file them in the cause, not later than forty days after the overruling of the motion for a new trial, or the decision of the court," etc.

The movant claims the bill of exceptions was filed with the clerk of the trial court on the forty-first day from the date of the entry of the overruling of the motion for a new trial.

It appears from the record that the fortieth day after the overruling of the motion for a new trial was Labor Day. The bill of exceptions was filed the day following Labor Day. It is contended by plaintiff in error, in opposing the motion, that Labor Day, under the statute, has the same force and effect as Sunday, and plaintiff in error relies on Section 10216, General Code, which reads: "Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday,"—and upon Section 5977, which reads: "The first Monday in September of each year shall be known as 'Labor Day,' and, for all purposes, shall be considered as the first day of the week."

It is therefore contended by the plaintiff in error that the expression "for all purposes" includes the filing of a bill of exceptions, and that Labor Day, being considered as the first day of the week, and the expression "first day of the week" having been interpreted by the Legislature in Section 13044 as Sunday, Labor Day is within the exception provided for in Section 10216, General Code, which excludes the last day if it be Sunday.

The chief argument of the defendant in error

in support of his motion is that Labor Day is a holiday, and would come under the general rule that holidays are not to be considered as Sunday, and he cites ample authority in support of that proposition, and, undoubtedly, that is the general rule. But the statute specially providing with reference to Labor Day says, "for all purposes shall be considered as the first day of the week." It is a matter of common knowledge that the first day of the week is called Sunday, and, further, it has so been considered by the Legislature in Section 13044, General Code, and since Section 10216 excludes Sunday, when the date in question falls on Sunday, we see no reason for excluding the filing of a bill of exceptions as within the clause in Section 5977, "for all purposes."

Our conclusion is that the plaintiff in error is protected by the statutes referred to in the filing of the bill of exceptions, and that the same was filed in time.

The motion to strike the bill of exceptions from the files will be overruled.

*Motion overruled.*

MILLS and CUSHING, JJ., concur.