21 N.J. Super. 175 (1952)
91 A.2d 111
THOMAS POTTER, PETITIONER-APPELLANT,
v.
BRADY TRANSFER & STORAGE CO., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 21, 1952.
Decided August 22, 1952.
*176 Before Judges SCHETTINO, LLOYD and WOODS.
Mr. Nathan Baker argued the cause for the petitioner-appellant.
Mr. Frank Fink argued the cause for the respondent.
The opinion of the court was delivered by WOODS, J.S.C.
In this matter counsel agree on the statement of facts as set forth by the attorney for the petitioner-appellant. There are these allegations: The petitioner-appellant, Thomas Potter, was injured on October 30, 1947 in New York State in an accident arising out of and in the course of his employment with the respondent, Brady Transfer & Storage Co., of 1535 Paterson Plankroad, Secaucus, *177 New Jersey and filed a claim for compensation with the Workmen's Compensation Bureau at Trenton, New Jersey on October 31, 1949. October 30, 1949, the date preceding the date of filing was a Sunday. On motion of the respondent, the petition was dismissed by Deputy Director Charles E. Corbin on the ground that the said petition was not filed in time and, therefore, the Division of Workmen's Compensation was without jurisdiction. The petitioner-appellant appealed from this order and moved for a summary judgment before this court. This motion was denied and attorney's fees and costs on that motion were likewise denied without prejudice. The court permitted a limited printing of the facts and record.
The sole question presented on this appeal is: "Whether, when the last day in which to commence an action under the New Jersey Workmen's Compensation Act, R.S. 34:15-51 N.J.S.A., falls on a Sunday, and a claim petition is filed on the following day, the Division of Workmen's Compensation of the Department of Labor and Industry has jurisdiction to hear and dispose of the claim of the petitioner?"
The deputy director decided against the petitioner-appellant upon a strict construction of the statute, R.S. 34:15-51, which reads in part:
"Every claimant for compensation under article 2 of this chapter (34:15-7 et seq.) shall, unless a settlement is effected or a petition filed under the provisions of section 34:15-50 of this title, file a petition in duplicate with the secretary of the bureau in his office, at the state house, in Trenton, within two years after the date on which the accident occurred, * * *."
The two calendar years specified in the statute quoted were up on October 30, 1949. This date fell on a Sunday and under the law state offices are legally closed to the transaction of business on that day (see R.S. 36:1-1 and R.S. 36:1-1.1). The situation here presents a paradox; a commixture of coercion and restraint. The Workmen's Compensation Act requires the party injured to file his petition with the secretary of the bureau within two years after the date *178 on which the accident occurred, but in fact, he was precluded from so doing upon the last day by reason of the fact that the last day fell on a Sunday.
We think that in principle this case is controlled by Poetz v. Mix, 7 N.J. 436 (1951). It was there held, upon an exhaustive review of authorities dealing with the general problem of reconciliation of statutes fixing time periods with the holiday laws that, where the last day specified by the statute of limitations falls upon a Sunday, an action commenced upon the next business day is within time.
The respondent would distinguish the situations upon the circumstance that the provision of the compensation law fixing the time for filing is not an ordinary statute of limitations but rather goes to the jurisdiction of the tribunal. The distinction is not tenable. In both situations, the ultimate inquiry is addressed to the legislative intent. The fact that the limitation is jurisdictional does not suggest that the Legislature intended a different reconciliation between that provision and the holiday laws. On the contrary, the principle of liberality of construction applicable to the compensation law (see Granahan v. Celanese Corp. of America, 3 N.J. 187, 193 (1949)) militates against the acceptance of a distinction which, in our view, would be without any foundation in substance. The proposed distinction could not serve any discernible legislative purpose and hence we cannot accept it.
In construing the compensation statute the court must read it with the statute making Sunday a holiday for the reason that both statutes are in pari materia. Whenever the Legislature fixes a time period, it should be assumed that it is enacting the law in the light of those other statutes. Otherwise, each such statute would have to have tagged onto it words "or upon the following business day where the last day falls on a legal holiday," or words to a similar purport.
The cause will be remanded for a hearing; fees and costs to abide the final outcome.