LEIBROCK, APPELLEE, *v.* BRIGGS, APPELLANT.
WORTHINGTON, APPELLEE, *v.* BRIGGS, APPELLANT.

(Nos. 5150 and 5151—Decided February 2, 1955.)

*Messrs. Chamblin & Price,* for appellees.
*Mr. L. P. Henderson,* for appellant.

WISEMAN, P. J.   These two appeals are on questions of law from judgments of the Municipal Court of Columbus overruling demurrers to the petitions in the two actions, the defendant electing not to plead further and suffering judgment to be entered against him in both actions.   Inasmuch as identical pleadings raised the same question in each case, the two cases will be considered as one.

Plaintiff in her petition seeks to recover damages for personal injuries suffered as a result of an automobile collision which occurred on May 8, 1952, in Franklin County, Ohio.

The petition was filed and summons issued on May 10, 1954. The summons was promptly served. The question raised by the demurrer was whether the action was barred by the statute of limitations, the defendant contending that the two-year period (Section 2305.10, Revised Code) expired on May 7, 1954.

An action is commenced on the date the summons, which is afterwards served, is issued. Section 2305.17, Revised Code. Time is computed by excluding the first day and including the last, except that the last day shall be excluded if it be Sunday. Section 1.14, Revised Code. Fractions of days are not considered in computations of time. The day on which an act is done must be wholly included or excluded. 34 American Jurisprudence, 206, Section 252. By this computation, the two-year statutory period expired on May 8, 1954, which was on a Saturday. Saturday afternoon only is made a legal holiday by Section 5.30, Revised Code. Plaintiff would have been required to file the petition and issue summons on or before Saturday, May 8, 1954. Upon failure to do so, the action would be barred. But plaintiff contends that she was prevented from filing her action on May 8, 1954, due to the fact that the court was closed on Saturday, May 8, 1954, in compliance with the terms of a city closing ordinance which was passed by the City Council of the City of Columbus, which provided that certain offices, including the Municipal Court, should be closed all day on Saturday. In reviewing the judgment of the Municipal Court, we take judicial notice of the ordinance of the city of Columbus. *Jackson* v. *Copelan*, 50 Ohio App., 414, 198 N. E., 596; *City of Dayton* v. *DeBrosse*, 62 Ohio App., 232, 23 N. E. (2d), 647; *Bonbright* v. *Biller*, 67 Ohio App., 421, 36 N. E. (2d), 173.

Returning to a consideration of Section 1.14, Revised Code, it will be observed that the statute provides that the last day shall be excluded if it be Sunday. It does not provide ''Sunday or legal holiday'' as contended by appellee. Whether the city ordinance made Saturday morning a legal holiday in the same manner as the statute makes Saturday afternoon a legal holiday is questionable. We are inclined to the view that Saturday morning, under the closing ordinance, was not a legal holiday. Assuming that Saturday was a legal holiday, or should be given the same legal effect, there is reliable authority, which we choose

to follow, to the effect that with the exception of Labor Day, which is considered the first day of the week (Section 5.21, Revised Code), no other legal holiday has the same legal significance as Sunday. An analogous situation arose in *King* v. *Paylor*, 69 Ohio App., 193, 43 N. E. (2d), 313. In that case counsel for the appellant went to the Hamilton County courthouse on Lincoln's birthday (February 12th) with the intention of filing a notice of appeal. By custom the building was closed as usual on that day, but the attorney secured admittance and left his notice of appeal in the clerk's office, with a note that it was being filed on that day. A deputy found the pleading the next day and stamped and filed it on February 13th. The twentieth day for filing the notice was the 12th. The court held that Lincoln's birthday is a legal holiday in Ohio for the purposes of the Negotiable Instrument Act, but not for other purposes, and that such filing was not a timely one within the provisions of the Appellate Procedure Act. On page 195, the court said:

"While Lincoln's birthday is made a legal holiday by Section 8301, General Code, as that phrase is used in the Negotiable Instruments Act, it has not been made a holiday for all purposes, or for the purpose of procedure or the computation of time in which a procedural act should be done."

In *Cincinnati Traction Co.* v. *Krauss*, 28 Ohio App., 205, 161 N. E., 563, the court, on page 207, recognizes the general rule that "holidays are not to be considered as Sunday." See, also, *Norman* v. *State,* 109 Ohio St., 213, 227, 142 N. E., 234, certiorari denied, 264 U. S., 595, 68 L. Ed., 867, 44 S. Ct., 453.

Under Section 1.14, Revised Code, the only extender granted is when the last day falls on Sunday. When the last day falls on a day when the court is closed by virtue of a city closing ordinance, no extension of time is granted. It follows that the action was not brought within two years after the cause of action accrued. The demurrer should have been sustained.

*Judgment reversed and cause remanded.*

MILLER and HORNBECK, JJ., concur.