LAWRENCE L. BARLOW, appellant, v. MIDWEST ROOFING COMPANY, INC., and UNITED STATES FIDELITY AND GUARANTY COMPANY, appellees.

No. 49510.

(Reported in 92 N.W.2d 406)

OCTOBER 14, 1958.

David J. Butler and George S. Marty, both of Mason City, for appellant.

Levinson & Danforth, of Mason City, for appellees.

LARSON, J.—This is a proceeding brought under the provisions of chapters 85 and 86, Code of Iowa, 1954. Claimant's petition for review was filed twelve days after the filing of an adverse decision of the deputy. The commissioner sustained defendants' motion to dismiss the petition for review as not timely filed under the requirement of section 86.24 of the Code. The district court affirmed and claimant appeals.

The sole question is whether the petition was timely filed under section 86.24 of the Code.

There is no dispute over the facts. The claimant, Lawrence L. Barlow, was employed by defendant Midwest Roofing Company, Inc. Its insurance carrier is defendant United States Fidelity and Guaranty Company.

As a result of an alleged injury while so employed, claimant filed an application for arbitration. A hearing before the deputy commissioner resulted in a decision that claimant had failed to establish the necessary causal connection and was not entitled to compensation. This decision was filed in the office of the commissioner on April 24, 1957. The ten-day period prescribed in section 86.24 of the Code expired on Saturday, May 4, 1957. The petition was not filed until Monday, May 6, 1957.

The defendants filed a motion to dismiss the petition for review on the ground that more than ten days had passed since the decision of the deputy was filed and that the commissioner no longer had jurisdiction to act on the matter.

Claimant's resistance to the motion alleged that he attempted to file his petition on Saturday, May 4, 1957, but that he could not because the office of the commissioner was closed.

It is conceded that the office of the industrial commissioner is regularly and customarily closed on Saturdays.

I. The industrial commissioner can exercise only the powers and duties prescribed in the Workmen's Compensation Law. The legislature, of course, has the authority to create and restrict rights given workmen under the Act, as well as to prescribe the power and duties of the commissioner. It must be conceded that the commissioner himself cannot extend or diminish his jurisdiction to act under this law. Thus, defendants contend that, except for one and only one circumstance, the commissioner has no jurisdiction to entertain a petition for review filed after the ten-day period. Section 86.24 provides: "Any party aggrieved * * * may, within ten days after such decision is filed * * *, file * * * a petition for review * * *."

Section 4.1 (23) of the Code provides for the method of computing time in the construction of statutes, and provides that where the last day falls on Sunday the time shall be extended to include the whole of the following Monday. This statute has been in the Code since 1873 and has been considered, construed and applied by this court in the case of German Savings Bank v. Cady, 114 Iowa 228, 86 N.W. 277. In that case a party to a law action failed to file a motion for a new trial within the prescribed statutory three days after the date of the verdict. It was shown the failure resulted because the last day fell on Memorial Day and the office of the clerk was closed on that date. We said therein at page 231 of 114 Iowa, page 278 of 86 N.W.:

"Where the last day of a period of time within which an act is required to be done falls on Sunday, 'the time prescribed shall be extended so as to include the whole of the following Monday' (Code, section 48, subdivision 23) [now section 4.1 (23), 1958 Code of Iowa]; but there is no such provision as to Decoration Day or any other holiday. The fact that the clerk's office was not open on Decoration Day, which was a day on which legal business could properly be transacted, is not a matter which the court can properly take into account in determining whether a motion for a new trial was filed in time."

That construction and application in 1901 has never been changed, nor has the legislature seen fit to change these provisions.

It is defendants' contention that the legislature made the time of filing such a petition the essence of the right to review.

Section 86.24 of the Code. If this be so and the matter at hand deals with a substantive right, we must note that, in this field of law, courts generally are reluctant to venture. This would be especially so if the matter had been considered by the legislature and its enactments were definite and clear, as they were held to be in the Cady case, supra.

■ II. But even if this were merely a procedural matter, we think we are bound by a clear, if not a satisfactory, decision by both the legislature and this court as to the only situation in which an extension of time for filing a petition for review will be recognized.

Section 4.1 (23) of the Code provides: "In the construction of the statutes, the following rules shall be observed, *unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute:* * * * In computing time, the first day shall be excluded and the last included, *unless the last falls on Sunday,* in which case the time prescribed shall be extended so as to include the whole of the following Monday." (Emphasis supplied.)

As pointed out in the case of German Savings Bank v. Cady, supra, the legislature knew that the office of the clerk, as well as other offices, would be closed on holidays and at other times when the public buildings would be legally closed. Yet it made no exception or extension in these cases. We can only conclude, after the Cady case, that the legislature intended *no extensions* would be effective except when the last day fell on Sunday, a day some courts have long recognized as a nonjudicial day and completely different from holidays or Saturdays when, by order of the proper authorities, the office buildings are not regularly open for business.

We are also convinced that the legislature has pre-empted this field, and, since the court has specifically called its attention to the failure of the general assembly to provide for or to authorize extensions of time on holidays or other occasions except Sunday, it must be apparent it did not desire a change.

Of course, the question as to illegal closing or refusal of an officer to open his office on a Saturday or a holiday to permit a filing on request is not before us, and as to that situation we make no pronouncement.

It is true, as claimant contends, that due to the action of the administrative authorities in closing the State Office Building on Saturdays, they have in effect cut the time for filing to nine days in this case rather than ten as designated by the legislature. This, he contends, was unforeseen and was not the legislature's intendment. He contends the language in section 4.1 that "unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute" is broad enough to justify a construction that nothing less than a full ten-day period was intended in that Act in which claimant could petition for review. The difficulty with that reasoning is that it would as logically apply to holidays and to situations like those before the court in the Cady case. As heretofore pointed out, such situations were known and recognized by the general assembly, and the reduction of time in such cases was not considered repugnant to the context of the statute nor in conflict with the legislative intent. German Savings Bank v. Cady, supra. There can be no real distinction between the manifest intent in the Cady case and the case at bar, and there is nothing in the Workmen's Compensation Law which indicates a special legislative intention as to the timeliness of filing petitions for review.

We, of course, have no authority to amend this statute and extend the time to file the petition for review, even though we feel it should be extended. It is obvious that we cannot extend the commissioner's jurisdiction nor interfere in the legislative discretion concerning certain rights which have been considered and acted upon by that body.

III. Courts in other jurisdictions, with like statutory provisions, have made similar pronouncements. Means v. Kidd, 136 W. Va. 514, 67 S.E.2d 740; Leibrock v. Briggs, 99 Ohio App. 452, 134 N.E.2d 392; King v. Paylor, 69 Ohio App. 193, 43 N.E.2d 313.

In the Means v. Kidd case, supra, the West Virgina Supreme Court said at page 519 of 136 W. Va., page 744 of 67 S.E.2d:

"It does not permit the exclusion of the last day except when the last day falls on Sunday. It makes no provision for excluding a legal holiday as such when the last day falls on such holiday and, as the statute expressly excludes Sunday when it is

the last day but does not exclude a secular legal holiday when it is the last day, it is clear that the Legislature, in enacting the statute, intended that, unlike Sunday, a secular legal holiday should not be excluded from the computation but should be included in it when the last day of the period to be computed is a secular legal holiday."

In Leibrock v. Briggs, supra, the Ohio Court had before it a situation where plaintiff would have been required to file the petition and issue summons on or before Saturday, May 8, 1954. Upon failure to do so the action would be barred. Plaintiff contended that she was prevented from filing her action on May 8 due to the fact that the clerk's office was closed on Saturday, May 8, in compliance with the terms of a city ordinance. But under a statute with wording like ours, the court held, "* * * the only extender granted is when the last day falls on Sunday." When the last day falls on a day when the court was closed by virtue of a closing ordinance, no extension of time was granted and the action was dismissed.

In our search we have found no case where like provisions by the legislature have received a different construction by the courts. On the other hand, there are some jurisdictions, including those cited by claimant, which involve statutes extending time for both Sundays and holidays. The courts there have found, with logic, that the legislature intended to extend the time in all instances where the required filing could not be done due to closed offices. Reynolds v. Palen, 13 New York Civil Procedure Reports 200; Poetz v. Mix, 7 N. J. 436, 81 A.2d 741. We have no quarrel with these decisions, but of course they are of little aid in our situation.

We must conclude that the legislature expressly provided in section 4.1 for an extension of time when and only when the last day of a filing period falls on Sunday, and that its silence as to any extension of time when the last day falls on *any* other day when offices are duly closed by the authorities is significant. Thus, under the well-known rule of inclusio unius est exclusio alterius (the mention of one is the exclusion of others), plus the fact that the legislature has not seen fit to alter its sole ground for extension since the Cady decision, we have no choice but to hold that since the claimant did not file his petition for review

on or before the tenth day, which was a Saturday, not a Sunday, the filing on the following Monday was not timely and the judgment of the trial court affirming the industrial commissioner's dismissal of claimant's petition for review was proper.

While we regret that we are unable to grant claimant relief in this matter, if undue hardships result due to the language of the statute or its construction, the recourse must be to the legislature itself.—Affirmed.

All JUSTICES concur.