WILLIE BREMBRY, claimant-appellee, v. ARMOUR & COMPANY, employer-appellant.

No. 49692.

(Reported in 95 N.W.2d 449)

MARCH 10, 1959.

Stewart & Hatfield, of Sioux City, for appellant.

A. M. Seff and John T. O'Brien, both of Sioux City, for appellee.

Peterson, J.—Claimant was injured, in the course of his employment by Armour & Company, on September 8, 1955. On September 6, 1957, claimant's attorneys mailed an application for Arbitration to the Industrial Commissioner at the Workmen's Compensation office in Des Moines. This was Friday and since the office was closed on Saturday and September 8 was Sunday, the application was not marked "filed" until September 9, 1957. Appellant claims the case is barred by the two-year Statute of Limitations appearing in section 85.26, 1954 Iowa Code. Appellee contends the case is subject to the provisions of section 4.1(23), 1954 Iowa Code, excluding Sunday if it is the last day in the limitation period. The trial court sustained claimant's position and the employer has appealed.

There is but one question in the case: Does the fact that the last day of the two-year limitation falls on Sunday enlarge Workmen's Compensation limitation statute to include Monday?

Section 85.26 is as follows: "No original proceedings for compensation shall be maintained in any case unless such proceedings shall be commenced within two years from the date of the injury causing such death or disability for which compensation is claimed."

Section 4.1(23) provides: "In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute: * * * 23. In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed *shall be extended so as to include the whole of the following Monday.*" (Emphasis ours.)

I. Appellant cites six cases in support of its contention. None of the cases pertains directly to the question as to whether or not Sunday is to be included or excluded. The argument of appellant is that section 85.26 is a statute of special limitation and since section 4.1(23) is general in its nature it does not apply in this case; that a special statute takes precedence over a general statute. We do not agree with this contention as to

the case at bar. The answer is to arrive at the intention of the legislature, taking all statutes into consideration. We find no provision in the Workmen's Compensation Act, chapter 85, that section 4.1(23) shall not be applicable to section 85.26. We find no provision in section 4.1(23) *making any exceptions as to any statute of any nature.* We hold section 4.1(23) is effective as to section 85.26.

II. We have never heretofore directly considered the question in connection with the Workmen's Compensation Act. However, we have given indirect consideration to the effect of the exclusion of Sunday in two cases, one of which was a Workmen's Compensation case. German Savings Bank v. Cady, 114 Iowa 228, 86 N.W. 277; Barlow v. Midwest Roofing Co., Inc., 249 Iowa 1358, 92 N.W.2d 406.

The question had incidental consideration in German Savings Bank v. Cady, supra. In that case it was a question as to whether or not if the last day fell on Memorial Day the motion could be filed on the next day. We held it could not because there is no legislative basis for enlargement of the period of limitation in case of a holiday. We contrasted this situation with Sunday in the following statement at page 231 of 114 Iowa: "Where the last day of a period of time within which an act is required to be done falls on Sunday, 'the time prescribed shall be extended so as to include the whole of the following Monday' * * *."

The question in Barlow v. Midwest Roofing Co., Inc., supra, was whether or not because the Workmen's Compensation office was closed on Saturday the time of filing was extended until Monday. We held it was not because there is no statutory provision for the exclusion of any day except Sunday. We stated at page 1363 of 249 Iowa, page 409 of 92 N.W.2d: "We must conclude that the legislature expressly provided in section 4.1 for an extension of time when and only when the last day of a filing period falls on Sunday * * *." The clear implication is that the Sunday exclusion provision is applicable to Workmen's Compensation chapter.

III. Since we have not passed directly on the question with reference to the Workmen's Compensation Act, we should give some consideration to the weight of authority in other juris-

dictions. The prevailing view is that, where the last day of a limitation period falls on Sunday, the following Monday should be included. 34 Am. Jur., Limitation of Actions, section 252; Elmore v. Fanning, 85 Kan. 501, 117 P. 1019, 38 L. R. A., N. S., 685; Potter v. Brady Transfer & Storage Co., 21 N. J. Super. 175, 91 A.2d 111; Poetz v. Mix, 7 N. J. 436, 81 A.2d 741; Dobson v. Wilson & Co., 152 Kan. 820, 107 P.2d 676.

In a nation-wide statement as to the Sunday situation, 34 Am. Jur., supra, page 207, states: "The prevailing view seems to be that the last day of the statutory period is to be included in the computation, unless such day falls on Sunday, in which case it is usually held, although there is authority seemingly to the contrary, that an action commenced on the following day is not too late."

Potter v. Brady Transfer & Storage Co., supra, stated (pages 175, 176 of 21 N. J. Super., page 111 of 91 A.2d): "Where last day within which compensation claim might be filed, under provision of Workmen's Compensation Act requiring party injured to file his petition within two years after date of accident, fell on Sunday, on which day state offices were legally closed to transaction of business, claim filed the following day was within time."

The court further stated in this case that in construing the provisions of the Workmen's Compensation Act limiting time the court should read into the statute *the provision of any former or general statute that Sunday is to be excluded.* If this were not true it would be necessary for the legislature to add, as each limitation provision of statute was enacted, that Sunday was excluded.

In this case the court referred to case of Poetz v. Mix, supra (page 178 of 21 N. J. Super., page 112 of 91 A.2d), as follows: "We think that in principle this case is controlled by Poetz v. Mix, 7 N. J. 436, 81 A.2d 741 (1951). It was there held, upon an exhaustive review of authorities dealing with the general problem of reconciliation of statutes fixing time periods with the holiday laws that, where the last day specified by the statute of limitations falls upon a Sunday, an action commenced upon the next business day is within time."

Dobson v. Wilson & Co., supra, pertains to Workmen's Compensation law and in that case it is stated, in substance: Where workmen's compensation law was silent on question whether when last day for serving notice of claim falls on Sunday the service must have been made on the preceding Saturday or may be made on the succeeding Monday, the matter was to be determined by general law. And further, generally, except where an act may be lawfully done on Sunday, when the last day of a period of time within which an act is to be done falls on Sunday, that day is excluded from compensation (statute) and the act may be rightfully done on the following secular or business day. We think it clear that under the Workmen's Compensation Act the claimant had a full statutory period in which to file his claim and that he was not limited to one day less because the last day was Sunday.

The judgment and decree of the trial court is affirmed.— Affirmed.

All JUSTICES concur except OLIVER, J., who takes no part.