**Albert Gilbert BOWLING, Administrator of the Estate of Roy Gilbert Bowling, Deceased, (Plaintiff) Appellant,**

**v.**

**WEBB GAS COMPANY, INC. OF LEBANON, and Empire Gas Corporation, (Defendants) Respondents.**

**No. 57297.**

Supreme Court of Missouri, Division No. 1.

Feb. 11, 1974.

———◆———

Moore, Pettit & Meyer, Aurora, for plaintiff-appellant.

Daniel, Clampett, Ellis, Rittershouse & Dalton, B. H. Clampett, William D. Powell, Springfield, for respondents.

HOLMAN, Judge.

This is an action for damages for the alleged wrongful death of Roy Gilbert Bowl-

ing in which a recovery of $50,000 is sought. Decedent died on February 23, 1968. This suit was filed on February 24, 1970. The trial court, upon motion of defendants, dismissed plaintiff's petition, with prejudice, for the reason that the action was "barred by the Statute of Limitations in that said suit was not commenced within two years after the cause of action occurred [accrued]." Plaintiff has appealed. Since the appeal was taken prior to January 1, 1972, we have jurisdiction because of the amount in dispute. We reverse and remand.

A cause of action for wrongful death is provided for in § 537.080.[1] Section 537.100 provides that "[E]very action instituted under section 537.080 shall be commenced within two years after the cause of action shall accrue * * *." In regard to the filing of this suit the transcript discloses that on Friday, February 20, 1970, plaintiff's counsel mailed the petition at Aurora, Missouri, in an envelope addressed to the Circuit Clerk of Stone County at Galena, Missouri; that in the usual course of post office business the petition would have arrived at the Galena post office on Saturday, February 21, 1970; that the circuit clerk's office was closed on Monday, February 23, 1970, in observance of a legal holiday, i.e., Washington's Birthday (see § 9.010); that on Tuesday, February 24, 1970, the petition was received and filed by the circuit clerk.

It is conceded that under ordinary circumstances the action would be barred by limitation if suit was not filed on or before February 23, 1970. In this instance, however, plaintiff contends that February 23rd should be excluded from the limitation bar because the clerk's office was legally closed on that day and that the act of filing could be done on the following day. In support of that contention he points to our Rule 44.-01(a) V.A.M.R., which (as it existed on the dates in question), states that "[I]n computing any period of time prescribed or

allowed by these rules, by order of court, or by any other applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a legal holiday * * *." The quoted portion of the rule is exactly the same as § 506.060(1), which was enacted in 1943. The same provisions are also contained in Federal Civil Rule 6. We mention the federal rule because cases concerning it are hereinafter cited.

We have concluded that under the provisions of Rule 44.01 the period within which this suit could be filed included February 24, 1970, by reason of the preceding day being a legal holiday, and hence the court erred in dismissing the suit. No Missouri case has been cited (and we have found none) which has decided the effect of the rule as it relates to this precise type of suit. The case of Herrman v. Dixon, 285 S.W.2d 716 (Mo.App.1956), however, involved a very similar situation and tends to support our ruling. In that case the ninety-day period within which plaintiff must file suit to enforce a mechanics' lien expired on May 30 (Memorial Day) which fell on Sunday. Under the statute, Monday would be considered the holiday. Our rule had not been adopted at that time but the court held that the statute (now 506.060(1)) extended the time until the end of Tuesday, June 1, the day upon which the suit was filed.

Many states have statutes or rules similar to ours. We have examined the decisions in those states and have concluded that the weight of authority is in accord with our decision. The case of Hardbarger v. Deal, 258 N.C. 31, 127 S.E.2d 771 (1962), involved a two-year wrongful death limitation statute as in the case before us. In construing a statute similar to

---

1. Statutory references are to RSMo 1969, V.A.M.S.

our Rule 44.01, the court stated that it was "intended by the Legislature to put an end to all confusion and uncertainty by adopting a uniform rule for the computation of time, alike applicable to matters of mere practice and to the construction of statutes, * * * that 'if the last day of a period of limitation for commencing an action falls on a Sunday or on a legal holiday, the period is extended and the action may be commenced on the following secular or business day.'" 127 S.E.2d l.c. 772, 773. To like effect, see also Wooten v. State Compensation Commissioner, 142 W.Va. 501, 95 S.E.2d 643 [3] (1957); Brembry v. Armour & Company, 250 Iowa 630, 95 N.W.2d 449 [1] (1959); Associated Transport v. Pusey, 10 Terry, Del., 413, 118 A.2d 362 [1] (Del. 1955); Poetz v. Mix, 7 N.J. 436, 81 A.2d 741 [9] (1951); Rochester v. Tulp, 54 Wash.2d 71, 337 P.2d 1062 [1] (1959), and Bauer v. Bowen, 63 N.J.Super. 225, 164 A.2d 357 [3] (1960).

Most of the federal courts have construed Federal Rule 6 in accordance with the foregoing decisions. "The last day of the period so computed is to be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." 4 Cyclopedia of Federal Procedure, Third Edition, § 13.01, p. 16. "[T]he 'majority rule' is that Rule 6 is applicable to federal statutes of limitation. This conclusion seems based on the premise that Rule 6 expresses the liberal spirit of the federal rules and their quest to avoid 'setting traps for the unwary' and that this spirit should be employed in construing statutes of limitation; an alternative argument is that the computation provisions of Rule 6 inherently are fair and practical. Moreover, it has been said that the rule 'merely declares a rule of statutory construction having widespread judicial sanction, federal as well as state,' rather than being an enlargement or modification of the time provisions to which it is applied." Vol. 4 Wright & Miller, Federal Practice and Procedure: Civil § 1163, p. 614. Federal cases in ac-

cord with the stated rule are Union National Bank v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949); Wirtz v. Peninsula Shipbuilders Ass'n, 382 F.2d 237 (4th Cir. 1967); Smith v. Pasqualetto, 246 F.2d 765 [4] (1st Cir. 1957); Powell v. Kull, 329 F.Supp. 193 [1] (D.C., 1971), and Rupe v. State Public School Building Authority, 245 F.Supp. 726 [1] (D.C., 1965).

The principal contention of defendants in support of the judgment of the trial court is stated in their brief as follows: "The Wrongful Death Act is complete within itself—complete in all respects: it creates the cause of action and (§ 537.080) enumerates who may sue; it (§ 537.085) defines the defenses that may be pleaded and (§ 537.090) fixes the amount of damages that may be recovered; it even (§ 537.095) provides for the apportioning of damages 'among those persons entitled thereto'; and, finally, it clearly and in detail prescribes (§ 537.100) the period within which the action shall be commenced, recognizing only two exceptions thereto. Since the Wrongful Death Act is complete in all respects, including the applicable limitation period, Civil Rule 44.01(a) is repugnant to its provisions and has no application to actions brought thereunder." They also point out that we are dealing with a special statute of limitations, and that this court has stated that "[a] special statute of limitations must carry its own exceptions and we may not engraft others upon it." Frazee v. Partney, 314 S.W.2d 915 (Mo. 1958), at p. 919. There are cases in other states which support the view that a rule such as 44.01 does not extend the filing date where the last day is on Sunday or a holiday as, for example, Fulghum v. Baxley, 219 S.W.2d 1014 (Tex.Civ.App.1949). Some cases have indicated that rules such as 44.01 apply only to proceedings occurring after a suit is filed and not to limitation statutes. We think, however, that the construction we have placed upon our rule is in accord with the public policy of this state that the offices of Clerks of Courts should not ordinarily be open for business (dies non juridicus) on Sundays

and holidays. We think that policy was indicated by the legislative enactment of § 506.060(1). Our construction of the rule will result in a uniform procedure for computation of time and tend to accomplish the general purpose for Sundays and holidays, i. e., the general suspension of work and labor. We recognize that attorneys could endeavor to find clerks in their homes or other places on Sundays and holidays and deposit a petition with them, but we do not think that would be a common-sense requirement or an appropriate solution of the problem. We think it should also be noted that a construction contrary to the one we have reached would, for all practical purposes, result in reducing the statutory limitation period. Such a ruling in the case at bar would provide a period, within which suit could be filed, of three days less than the two years specified in the statute.

■ We accordingly rule, as indicated, that the applicable provisions of Rule 44.-01(a) should be construed as applying to statutory limitation periods within which suits must be filed, as well as to procedures occurring after suit is filed.

The judgment of dismissal is reversed and the cause is remanded for further proceedings.

BARDGETT, P. J., concurs.

SEILER, J., concurs in result in separate concurring opinion filed.

SEILER, Judge (concurring in result).

In this case the court permits the plaintiff to file suit for a wrongful death two years and two days after accrual of the cause of action, despite the fact Sec. 537.-100, RSMo 1969, V.A.M.S. provides the action must be commenced within two years. I do not see how we can use our rule 44.01 to accomplish this, because what we would be doing would be to enlarge by rule the period of time in which a plaintiff could bring an action for wrongful death and extend by rule the length of time during which a defendant would be exposed to liability. This would be to work a substantial change in the rights of the parties, which we cannot do by rule. Art. V, Sec. 5, 1945 Mo.Const., expressly prohibits us from changing substantive rights by rule, as does Sec. 506.030 RSMo 1969, V.A.M.S., which was originally enacted in 1943, when the (then) new civil code of procedure was adopted, prior to passage of the rule-making provisions of the 1945 Constitution.

However, the legislature has the power to provide generally that periods of limitation shall be extended when the last day falls on a Sunday or legal holiday and this it seems to have done under Sec. 1.040, RSMo 1969, V.A.M.S. and Sec. 506.060, subd. 1, RSMo 1969, V.A.M.S. I therefore concur in the reversal of the judgment and remand for further proceedings.