139 N.J. Super. 36 (1976)
352 A.2d 264
MERCER COUNTY PARK COMMISSION, PLAINTIFF-APPELLANT,
v.
DiTULLIO PLUMBING & HEATING CO., INC., A NEW JERSEY CORP., AND RELIANCE INSURANCE COMPANY, A PENNSYLVANIA CORP., JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 23, 1975.
Decided January 19, 1976.
*37 Before Judges MATTHEWS, LORA and MORGAN.
Messrs. Scott and Fox, attorneys for appellant (Mr. William J. McNichol on the brief).
Messrs. Katzenbach, Gildea and Rudner, attorneys for respondents (Mr. Victor Walcoff on the brief).
PER CURIAM.
On August 15, 1974, the Mercer County Park Commission opened bids for the construction of a Mercer County Ice Skating Facility. DiTullio Plumbing and Heating Company, Inc. (DiTullio), was the lowest responsible bidder for the plumbing work on the project. Plaintiff Park Commission awarded the contract for the plumbing work to DiTullio on Monday, September 16, 1974, the same day on which DiTullio sent a letter to the architect for the Park Commission purporting to withdraw its bid as of September 14, 1974.
Following the award of the contract to DiTullio, plaintiff sought to obtain performance by DiTullio but it refused, maintaining that the contract had not been awarded in time. Plaintiff was constrained to readvertise for the plumbing work and the lowest responsible bid was $21,098. in excess of the previous award to defendant. This suit for damages was then instituted and both parties moved for summary judgment. The trial judge granted summary judgment in favor of defendant on the basis that plaintiff, Mercer County Park Commission was required to accept or reject all bids within 30 days after they were received regardless of the day of the week upon which the 30th day fell.
N.J.S.A. 40A:11-24 provides:
The contracting agent shall award the contract or contracts, or reject all bids therefor within 30 days after they are received, and *38 all checks or bonds delivered with the bids, except the check or bond of the bidder to whom the contract is awarded, shall be returned within 3 days thereafter, Sundays and holidays excepted.
Saturday, September 14, 1974 was the 30th day after the bids were received and opened. On Friday, September 13, 1974, plaintiff telephoned defendant and requested a two-week extension of time within which to accept defendant's plumbing bid. DiTullio refused to hold the bid open and by letter dated September 16, 1974 withdrew its bid as of Saturday, September 14, 1974. Monday, September 16, 1974, the day plaintiff awarded the contract to defendant, was the 32nd day after the bids were received and opened. Defendant contends, as it did below, that by failing to award the contract on or before Saturday, September 14, 1974, plaintiff exceeded the 30-day time limit imposed by N.J.S.A. 40A:11-24 and any award of the contract after Saturday, September 14, 1974 was violative of said statute and of no legal effect.
The quoted statute deals with two distinct situations in the computation of time,  a 30 day period in which to accept or reject a bid, and a short 3 day period in which to return all checks or bonds which accompanied rejected bids. It is our view and both parties agree that the phrase "Sundays and holidays excepted" which was incorporated into the statute by amendment, Chapter 198, § 24, Laws of 1971, was intended by the Legislature to modify the 3 day time limitation for the return of unaccepted bidders' checks or bonds by excluding Sundays and holidays from that computation. The amendment was not intended to effect the terminal days of the 30 day period prescribed for accepting or rejecting bids.
Parenthetically, we note that R. 1:3-1 which, of course, relates only to the computation of time periods fixed by court rule, contains analogous language in that it provides that "[i]n computing a period of time of less than 7 days, Saturdays, Sundays, and legal holidays shall be excluded. In Poetz v. Mix, 7 N.J. 436, 447 (1951) it was held that *39 similar language in the predecessor Rule did not affect the preceding part of the Rule which dealt wholly with the terminal days of longer periods.
Defendant argues that by expressly exempting Saturdays, Sundays, and other "holidays" from the computation of the 3-day period and conspicuously omitting a similar exemption for the 30-day period, the Legislature demonstrated its intention that weekends and holidays be counted in computing the 30 days within which a public contract must be awarded. Plaintiff agrees as do we that intervening Saturdays, Sundays and other "holidays," are not to be excluded from the 30-day count. The only issue in dispute is whether there is statutory authority for the Park Commission to exclude a terminal Saturday from computation of the 30 day period imposed by N.J.S.A. 40A:11-24.
N.J.S.A. 36:1-1.1, the "Holiday Act," provides:
Each Saturday in each year shall, for all purposes whatsoever as regards the transaction of business in the public offices of this State, and the counties and municipalities in this State, be considered as the first day of the week, commonly called Sunday, and as public holidays.
The court in Poetz, supra, at p. 445 stated:
... it is well settled in this State that where, by statute, an act is due arithmetically on a day which turns out to be a Sunday or legal holiday, it may be lawfully performed on the following day, and if that day be also a dies non on which the public offices are closed to the transaction of business, according to the "holiday acts," supra, a similar rule applies.
It is the contention of the defendant that the provisions of N.J.S.A. 36:1-1.1 are not applicable since the Mercer County Park Commission is not a "public office" within the comprehension of the statute. We disagree.
Mercer County Park Commission is a body politic described judicially as autonomous in nature. See Union Co. Bd. of Freeholders v. Union County Park Commission, 41 N.J. 333, 338 (1964); Hill v. Borough of Collingswood, 9 *40 N.J. 369, 375 (1952). In Wall v. Hudson County Park Comm., 80 N.J. Super. 372, 377 (App. Div. 1963), certif. den. 41 N.J. 198 (1963), after referring to the broad statutory powers vested by the Legislature in county park commissions, we noted that while their funds are derived from the county, they are autonomous bodies with complete power "to govern and control the establishment, operation, maintenance and use of public parks" within their jurisdiction. A County Park Commission is then a creature of the State, and although an autonomous body politic, it is nevertheless a public office or body.
Accordingly, it is our conclusion plaintiff comes within the comprehension of N.J.S.A. 36:1-1.1 and its acceptance of defendant's bid on the Monday following the Saturday which was the 30th day after bids were received, was valid.
In reaching this conclusion, we are also motivated by the concept of "the doctrine of the equity of the statute" relied on in Terminal Const. Corp. v. Atlantic Cty. Sewerage Auth., 67 N.J. 403, 415 (1975), where our Supreme Court found there to have been a general legislative judgment that State regulation of bidding practices with respect to public contracts should, to the greatest extent possible, be harmonized with federal rules in those instances where an area of apparent conflict emerges. Similarly, we believe the statutes here involved when so harmonized would conform to sound legislative judgment. Cf. Poetz v. Mix, supra, 7 N.J. at p. 447.
The judgment of the Law Division is reversed and the matter remanded for entry of judgment in accordance with this opinion.