770 A.2d 284 (2001)
338 N.J. Super. 500
ESTATE OF HARRINGTON, Plaintiff-Appellant,
v.
CITY OF LINDEN, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 2001.
Decided March 26, 2001.
Michael P. Laffey, Holmdel, argued the cause for appellant (Cassidy, Messina & Laffey attorneys; Mr. Laffey on the brief).
Michael A. Posnock, Linden, argued the cause for respondent.
Before Judges SKILLMAN, WECKER and LESEMANN.[1]
The opinion of the court was delivered by *285 WECKER, J.A.D.
John Harrington died in an airplane accident at Linden Airport on October 25, 1998. N.J.S.A. 59:8-8a bars recovery against a public entity if the claimant fails to "file his claim with the public entity within ninety days of accrual...." The ninetieth day after October 25, 1998 was Saturday, January 23. N.J.S.A. 59:8-10a permits presentation of a claim "to a local public entity by delivering it or mailing it certified mail to the entity." A tort claims notice was filed on behalf of his estate by hand-delivering the notice to the Clerk of the City of Linden on Monday, January 25, 1999, ninety-two days after the accident.
Plaintiff filed a motion in the Law Division seeking a declaration that its notice, delivered on January 25, was timely filed or in the alternative for leave to file a late claim pursuant to N.J.S.A. 59:8-9. The motion judge denied plaintiff's requested relief, finding both the original notice of claim and the motion for leave to file a late notice untimely.
We conclude that plaintiff's notice of claim was timely filed with the city when it was hand-delivered on Monday, January 25.[2] We therefore reverse. Although plaintiff could have accomplished timely filing by mailing the notice certified mail on the ninetieth day, Saturday, January 23, a day when the city's offices were closed, plaintiff chose instead to avail itself of the option of delivering the notice. Plaintiff did so on Monday, January 25, which was the next business day available for in-person delivery to the municipal entity.
We find ample support for the proposition that where the ninetieth day after accrual of a tort claim against a public entity falls on a Saturday, the required notice can be timely filed by hand-delivery on the following Monday. N.J.S.A. 36:1-1.1 provides in pertinent part:
Each Saturday in each year shall, for all purposes whatsoever as regards the transaction of business in the public offices of this State, and the counties and municipalities in this State, be considered as [a] Sunday and as [a] public holiday[ ].
In Poetz v. Mix, 7 N.J. 436, 81 A.2d 741 (1951), the Court held that "where the last day of the period prescribed by the statute of limitations for commencing an action... falls on ... a Sunday or a legal holiday when public offices are legally closed to the transactions of business [which now includes Saturday[3]], such an action commenced on the next day which is not a dies non[[4]] is not too late.... Such construction will best protect the interests of litigants and must for that reason be presumed to carry into effect the legislative intent." 7 N.J. at 446-47, 81 A.2d 741. In Poetz, where the two-year Statute of Limitations for filing plaintiff's complaint would have expired on a Saturday when the courthouse was closed, a mailed complaint that was opened in the courthouse on Monday was deemed timely.
In State v. Rhodes, 11 N.J. 515, 95 A.2d 383 (1953), the Court relied upon Poetz in holding that when a two-year Statute of Limitations on a fraud indictment would have expired on a Sunday, the indictment that was returned on the following Monday *286 was timely. And in Potter v. Brady Transfer & Storage Co., 21 N.J.Super. 175, 178, 91 A.2d 111 (App.Div.1952), we held that where the deadline for filing a worker's compensation claim fell on a Sunday, a claim filed on the following Monday was timely.
Our court rules, specifically R. 1:3-1, provide that if the last day of a period fixed for an act or event to occur falls on a Saturday, "the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday." See generally Pressler, N.J. Court Rules, comment to R. 1:3-1 and authorities cited therein. In Mercer County Park Comm'n v. DiTullio Plumbing & Heating Co., Inc. 139 N.J.Super. 36, 39, 352 A.2d 264 (App.Div.), certif. denied, 70 N.J. 276, 359 A.2d 488 (1976), the thirty-day limit for accepting public bids pursuant to N.J.S.A. 40A:11-24 was construed to extend to the next business day when the thirtieth day fell on a Saturday. In State v. Jones, 181 N.J.Super. 549, 438 A.2d 581 (Law Div.1981), the court so extended the deadline for filing a civil forfeiture action pursuant to N.J.S.A. 2C:64-3a. And in the context of election law, N.J.S.A. 19:11-1 extends filing deadlines that fall on "Sunday or any legal holiday" to the "next following business day."
We see no reason to apply a different rule to the filing of a notice of tort claim, at least where a plaintiff chooses the option of delivering the notice to the public entity pursuant to N.J.S.A. 59:8-10a. We hold that the next-business-day rule applies to the delivery of a required notice of claim under the Tort Claims Act, and delivery of plaintiff's tort claims notice on Monday, January 25 was timely.[5]
Reversed.
NOTES
[1] Judge Lesemann did not participate in oral argument. However, the parties have consented to his participation in the decision.
[2] In light of our holding that the January 25 delivery represents a timely filing, we need not address the estate's motion for leave to file a late notice.
[3] N.J.S.A. 36:1-1.1 was amended by L.1955, c. 196, effective August 5, 1955, to treat each Saturday of the year the same as a Sunday or public holiday.
[4] "Dies non," short for "dies non juridicus," is "a day exempt from court proceedings, such as a holiday or a Sunday." Black's Law Dictionary 466 (7th ed.)
[5] We need not and therefore do not address in this opinion the question whether, if the ninetieth day falls on a Saturday, Sunday, or legal holiday, filing by mail must be accomplished by placing the notice into a mail collection site no later than the ninetieth day, and whether the availability of actual mail collection and a postmark on Saturdays but not on Sundays or legal holidays would affect the answer to that question.